IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**VS.**                                                      **Criminal Action No. 3:20-CR-88-TSL-FKB**

**MARK ANTHONY COLEMAN**                                                      **DEFENDANT**

---

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT'S FIRST MOTION FOR DISMISSAL OF INDICTMENT**

---

COMES NOW the Defendant, Mark Anthony Coleman, by and through undersigned counsel, and respectfully files this Memorandum of Authorities in Support Defendant's First Motion to Dismiss, requesting that this Court dismiss the indictment because, on its face, it charges an essential element against Mr. Coleman which cannot be met. The Defendant would further show unto the Court the following in support of his motion and memorandum of authorities:

### I. STATEMENT OF THE CASE

On July 14, 2020, Mark Anthony Coleman ("Coleman") was indicted in a two page indictment on two (2) counts, namely coercion or enticement of a person under 18 years of age and destruction, alternation, or falsification of records in Federal investigations. (See attached Exhibit "A" – Indictment). The indictment alleges in Count 1 that Coleman used a facility or means of

interstate commerce (use of cellphone) to attempt to knowingly persuade, induce, entice, and coerce an individual he knew to be under the age of 18 years, to engage in sexual activity under such circumstances that would constitute a criminal offense under Miss. Code Ann. § 97-3-95, all in violation of 18 U.S.C. § 2422(b). The indictment further alleges in Count 2 that Coleman unlawfully and knowingly altered, destroyed, mutilated, concealed, and covered up a tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of any department or agency of the United States. More specifically, the indictment alleges that Coleman deleted text messages and images of a minor female from his cellular telephone, and disconnected services to a cellular telephone purchased by him for the minor child.

      The heart of the Government's case is that Coleman purportedly attempted to knowingly persuade, induce, or coerce an individual, who he knew to be under the age of 18 years, to to engage in sexual penetration, pursuant to Miss. Code Ann. § 97-3-95. As a matter of law, this is insufficient to charge Coleman with the crime of coercion or enticement of a person under 18 years of age. This is especially true considering the fact that the minor child was simply "using" or "finessing" the Defendant and who had not intention of engaging in any sexual activity with the Defendant, and said minor child does not meet certain age requirements under Miss. Code Ann. § 97-3-95. (See attached Exhibit "B" – Interview of Minor SB). In that the subject indictment does not charge a credible offense under Count 1, said offense should be dismissed.

      For this reason, it is respectfully submitted, the indictment with regard to Count 1 should be dismissed.

## II.  ARGUMENT

### A.    The Elements Of The Charged Offense – Count 1

      The indictment, pursuant to Count 1, alleges that the Defendant used a facility or means of interstate commerce (cellphone) to attempt to knowingly persuade, induce, entice, and coerce an

individual he knew to be under the age of 18 years, to engage in sexual activity under such circumstances that would constitute a criminal offense under Miss. Code Ann. § 97-3-95, all in violation of 18 U.S.C. § 2422(b). In dissecting Count 1, 8 U.S.C. § 2422(b) provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly **persuades**, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, **or attempts to do so**, shall be fined under this title and imprisoned not less than 10 years or for life.

8 U.S.C. § 2422(b) (emphasis added). Further, Section 97-3-95 of the Mississippi Code provides that:

> **(1)** A person is guilty of sexual battery if he or she engages in sexual penetration with:
>     **(a)** Another person without his or her consent;
>     **(b)** A mentally defective, mentally incapacitated or physically helpless person;
>     **(c)** A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or
>     **(d)** A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.
> **(2)** A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child including without limitation the child's teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.

Miss. Code Ann. § 97-3-95 (2019).

### B. Count 1 Of The Indictment Fails To Allege An Offense

The United States Court of Appeals for the Fifth Circuit (also referred to as "Fifth Circuit"), applies the Model Penal Code's "substantial step" test to determine whether a defendant's conduct manifests attempt to commit a crime. *See United States v. Hernandez–Galvan*, 632 F.3d 192 (5th Cir. 2011) (finding that "[T]he 'substantial step' test from the Model Penal Code ... is now the majority

view among the states and federal courts, including the Fifth Circuit."). This test has two elements, namely: (1) the specific intent to commit the underlying crime, mens rea, and (2) conduct which constitutes a "substantial step" toward the commission of the crime, *actus reus*. *United States v. Barlow*, 568 F.3d 215 (5th Cir. 2009). This "'substantial step' approach asks whether a person 'purposely does or omits to do anything that, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.'" *Hernandez–Galvan*, 632 F.3d at 198.

The "substantial step" must be conduct that strongly corroborates the firmness of the defendant's criminal intent. *Id.* Acts which are merely preparatory are not enough. *United States v. Mandujano*, 499 F.2d 370 (5th Cir. 1974). A "substantial step" is "more than mere preparation," but is "less than the last act necessary before" the crime is in fact committed. *United States v. Manley*, 632 F.2d 978 (2d Cir. 1980). This requirement "prevents the conviction of persons engaged in innocent acts on the basis of a *mens rea* proved through speculative inferences, unreliable forms of testimony, and past criminal conduct." *United States v. Oviedo*, 525 F.2d 881 (5th Cir. 1976).

In the case *sub judice*, it is undisputed that the Defendant did not affirmatively persuade, induce, entice, or coerce the subject minor to engage in prostitution or any sexual activity. Pursuant to the minor's interview testimony, she was merely "using" or "finessing" the Defendant for monetary gain, with no intention to engage in sexual activities or contact with the Defendant. (See attached Exhibit "B"). Thus, the sole remaining avenue with which to obtain a conviction of the Defendant with regard to Count 1 of the indictment is to show beyond a reasonable doubt that the Defendant "attempted" to persuade, induce, entice, or coerce the subject minor to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense.

To determine whether the Defendant's conduct crossed the line between preparation and attempt, the conduct that § 2422(b) criminalizes must be examined. As the United States Court of Appeals for the First Circuit observed, "[§] 2422(b) criminalizes an intentional attempt to achieve a mental state –

a minor's assent – regardless of the accused's intentions vis-à-vis the actual consummation of sexual activities with the minor." *United States v. Dwinells*, 508 F.3d 63 (1st Cir. 2007); *see also United States v. Bailey*, 228 F.3d 637 (6th Cir. 2000) (determining that "Congress has made a clear choice [in 18 U.S.C. § 2422(b)] to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves.")).

The Defendant herein asserts that he has not, and did not, persuade or coerce, or attempt to persuade or coerce, the minor to engage in any sexual activity. The Defendant further asserts that his actions – communicating with the minor, providing the minor with monetary assistance on two (2) occasions and a cellular telephone –  for a short period of time without ever making, or offering to make, flight or hotel reservations, or offering or agreeing on a specific date on which to meet the minor – can best be described as mere preparation, if anything. In *United States v. Gladish*, 536 F.3d 646 (7th Cir. 2008), the United States Court of Appeals for the Seventh Circuit found that a substantial step for purposes of § 2422(b) at least requires "setting up a definite meeting time and place, purchasing tickets or making hotel reservations, [or] driving to the proposed meeting place." *See also United States v. Barlow*, 568 F.3d 215 (5th Cir. 2009) (finding that by traveling to the meeting place, the defendant took a substantial step toward the commission of the crime strongly corroborative of intent)).

It must also be noted that the Defendant did not forward sexually explicit photographs to the minor, or engage in other "grooming behavior," such as forwarding sexually explicit letters or other communications. Further, there is no reliable and probative evidence that supports an inference that the Defendant intended to entice the minor to assent to illegal sexual activity. No action by the Defendant herein clearly signifies or indicates that the Defendant would have met the minor for sexual activity, purchased a plane or train ticket, especially one that is nonrefundable, or arranged a hotel or other meeting place. Accordingly, Count 1 of the subject indictment must be dismissed.

## III.  CONCLUSION

For the foregoing reasons, the Defendant, Mark Anthony Coleman, respectfully asks for entry of an Order dismissing the indictment as to Count 1.

Respectfully submitted this, the 8th day of September, 2020.

        MARK ANTHONY COLEMAN

        BY: /s/Dennis C. Sweet, III
            Dennis C. Sweet, III

Dennis C. Sweet, III (MSB #8105)
Sweet & Associates
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2020, a true and correct copy of the foregoing MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT'S FIRST MOTION FOR DISMISSAL OF INDICTMENT was served on all counsel of record via the USDC CM/ECF electronic filing system.

        /s/Dennis C. Sweet, III
        Dennis C. Sweet, III