IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                 **PLAINTIFF**

VS.                                          Criminal Action No. 3:20-CR-88-TSL-FKB

**MARK ANTHONY COLEMAN**                                         **DEFENDANT**

## DEFENDANT'S SECOND MOTION FOR DISMISSAL OF INDICTMENT

COMES NOW the Defendant, Mark Anthony Coleman, by and through undersigned counsel, and pursuant to Fed. R. Crim. P. 12(b)(2) and (3), and 7(c)(2), respectfully requests that this Court dismiss the indictment, as to Count 1 and all forfeiture demands or allegations, in that it is so vague as to lack the constitutional sufficiency needed to allow Mr. Coleman to present or offer a defense and to protect his due process rights, and such contains facially deficient forfeiture allegations. The Defendant would further show unto this Court the following in support of his Second Motion for Dismissal of Indictment:

1. On July 14, 2020, Mark Anthony Coleman ("Coleman") was indicted in a two page indictment on two (2) counts, namely coercion or enticement of a person under 18 years of age and destruction, alternation, or falsification of records in Federal investigations.

2. The heart of the Government's case is that Coleman purportedly attempted to knowingly persuade, induce, or coerce an individual, who he knew to be under the age of 18 years,

to to engage in sexual penetration, pursuant to Miss. Code Ann. § 97-3-95, all in violation of 18 U.S.C. § 2422(b).

3.  The subject indictment, as to Count 1, is unconstitutionally vague with regard to the term "attempt" and unconstitutionally overbroad in that it criminalizes protected speech in violation of the First Amendment of the United States Constitution.

4.  The indictment makes a forfeiture allegation that the Defendant shall forfeit to the United States all property involved in or traceable to the offense, including all proceeds obtained directly or indirectly from the offense, and all property used to facilitate the offense. However, this forfeiture allegation is demonstrably, and fatally, deficient for the reason that no "profit" calculation was included in said indictment.

5.  The Defendant incorporates into this motion his Memorandum of Authorities in Support of Defendant's Second Motion for Dismissal of Indictment, including all attachments thereto.

WHEREFORE, PREMISES CONSIDERED, the Defendant, Mark Anthony Coleman, respectfully requests that this Court enter an Order dismissing the indictment as to Count 1, and any all allegations or demands for forfeiture.

Respectfully submitted this, the 8th day of September, 2020.

MARK ANTHONY COLEMAN

BY: /s/Dennis C. Sweet, III
Dennis C. Sweet, III

Dennis C. Sweet, III (MSB #8105)
Sweet & Associates
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September, 2020, a true and correct copy of the foregoing DEFENDANT'S SECOND MOTION FOR DISMISSAL OF INDICTMENT was served on all counsel of record via the USDC CM/ECF electronic filing system.

/s/Dennis C. Sweet, III
Dennis C. Sweet, III