IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

VS.                                          Criminal Action No. 3:20-CR-88-TSL-FKB

MARK ANTHONY COLEMAN                                          DEFENDANT

---

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT'S SECOND MOTION FOR DISMISSAL OF INDICTMENT**

---

COMES NOW the Defendant, Mark Anthony Coleman, by and through undersigned counsel, and respectfully files this Memorandum of Authorities in Support Defendant's Second Motion to Dismiss, requesting that this Court dismiss the indictment because, on its face, it is so vague as to lack the constitutional sufficiency needed to allow Mr. Coleman to present or offer a defense and to protect his due process rights, and such contains facially deficient forfeiture allegations. The Defendant would show unto this Court the following in support of his motion and memorandum of authorities:

### I. STATEMENT OF THE CASE

On July 14, 2020, Mark Anthony Coleman ("Coleman") was indicted in a two page indictment on two (2) counts, namely coercion or enticement of a person under 18 years of age and destruction, alternation, or falsification of records in Federal investigations. (See attached Exhibit

"A" – Indictment). The indictment alleges in Count 1 that Coleman used a facility or means of interstate commerce (use of cellphone) to attempt to knowingly persuade, induce, entice, and coerce an individual he knew to be under the age of 18 years, to engage in sexual activity under such circumstances that would constitute a criminal offense under Miss. Code Ann. § 97-3-95, all in violation of 18 U.S.C. § 2422(b). The indictment further alleges in Count 2 that Coleman unlawfully and knowingly altered, destroyed, mutilated, concealed, and covered up a tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of any department or agency of the United States. More specifically, the indictment alleges that Coleman deleted text messages and images of a minor female from his cellular telephone, and disconnected services to a cellular telephone purchased by him for the minor child.

The heart of the Government's case is that Coleman purportedly attempted to knowingly persuade, induce, or coerce an individual, who he knew to be under the age of 18 years, to to engage in sexual penetration, pursuant to Miss. Code Ann. § 97-3-95. As a matter of law, this is insufficient to charge Coleman with the crime of coercion or enticement of a person under 18 years of age. This is especially true considering the fact that the minor child was simply "using" or "finessing" the Defendant and who had no intention of engaging in any sexual activity with the Defendant, and said minor child does not meet certain age requirements under Miss. Code Ann. § 97-3-95. (See attached Exhibit "B" – Interview of Minor SB).

Further, and more importantly for purposes of the Defendant's Second Motion for Dismissal of Indictment, Count 1 is so vague as to lack constitutionally requisite sufficiency. The law is clear that the sufficiency of an indictment must be measured by the document's four corners and that a deficient indictment may not be saved by extraneous facts. Indeed, a court should refrain from considering evidence outside the indictment when testing its legal sufficiency. In other words, an indictment so vague as to lack constitutionally requisite sufficiency cannot be cured.

For each one of these reasons, it is respectfully submitted, the indictment with regard to Count 1 should be dismissed.

## II.  ARGUMENT

### A.  The Elements Of The Charged Offense – Count 1

The indictment, pursuant to Count 1, alleges that the Defendant used a facility or means of interstate commerce (cellphone) to attempt to knowingly persuade, induce, entice, and coerce an individual he knew to be under the age of 18 years, to engage in sexual activity under such circumstances that would constitute a criminal offense under Miss. Code Ann. § 97-3-95, all in violation of 18 U.S.C. § 2422(b). In dissecting Count 1, 8 U.S.C. § 2422(b) provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, **or** attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

8 U.S.C. § 2422(b) (emphasis added). Further, Section 97-3-95 of the Mississippi Code provides that:

> **(1)** A person is guilty of sexual battery if he or she engages in sexual penetration with:
> **(a)** Another person without his or her consent;
> **(b)** A mentally defective, mentally incapacitated or physically helpless person;
> **(c)** A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or
> **(d)** A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.
> **(2)** A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child including without limitation the child's teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.

Miss. Code Ann. § 97-3-95 (2019).

### B.     Defendant's Constitutional Challenge

The Defendant challenges the constitutionality of § 2422(b) on two grounds. He asserts – (1) that the term "attempt" is unconstitutionally vague, and (2) that § 2422(b) is unconstitutionally overbroad because it criminalizes protected speech in violation of the First Amendment.

Under the principles of due process, a criminal statute is void for vagueness if the conduct it prohibits is not clearly defined. *Grayned v. City of Rockford*, 408 U.S. 104 (1972). To satisfy constitutional due process, "a penal statute [must] define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." *Skilling v. United States*, 561 U.S. 358 (2010) (quoting *Kolender v. Lawson*, 461 U.S. 352 (1983)). "The overbreadth doctrine prohibits the Government from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234 (2002).

The Defendant asserts that § 2422(b) is unconstitutional due to vagueness and overbreadth. First, the word "attempt" is unconstitutionally vague in that such is not sufficiently definite that ordinary people using common sense could grasp the nature of the prohibited conduct. Further, the word "attempt" has no ordinary, definite, and plain meaning in the criminal context, and in particular in the Fifth Circuit.

Second, as for overbreadth, the Defendant was engaged in protected speech in communicating with the minor, pursuant to the First Amendment to the United States Constitution. Free speech lies at the center of the First Amendment. The fundamental reason why the United States Constitution protects free speech is to preserve democracy and check government tyranny. "[T]he Free Speech Clause helps produce informed opinions among members of the public, who are then able to influence

the choices of a government . . . ." *Walker v. Tex. Div., Sons of Confederate Veterans*, 135 U.S. 2239 (2015). Thus, § 2422(b) is unconstitutionally overbroad because it criminalizes protected speech and a fundamental right.

For the foregoing reasons, Count 1 of the subject indictment must be dismissed.

### C.     The Forfeiture Allegations Of The Indictment Are Demonstrably Deficient

The indictment makes a forfeiture allegation that the Defendant shall forfeit to the United States all property involved in or traceable to the offense, including all proceeds obtained directly or indirectly from the offense, and all property used to facilitate the offense. This forfeiture allegation is demonstrably, and fatally, deficient. The Federal Rules of Criminal Procedure, the forfeiture statute itself, and the applicable federal common law are unequivocal that the words "proceeds obtained as a result of the offense" or similar language necessitate a "profits" calculation. In that the indictment failed to employ a profit calculation and instead summarily demands forfeiture of the proceeds obtained from the offense, the forfeiture allegations of the indictment are facially defective and should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, the Defendant, Mark Anthony Coleman, respectfully asks for entry of an Order dismissing the indictment as to Count 1, along with any and all forfeiture allegations contained therein.

Respectfully submitted this, the 8th day of September, 2020.

MARK ANTHONY COLEMAN


BY: /s/Dennis C. Sweet, III
Dennis C. Sweet, III


Dennis C. Sweet, III (MSB #8105)
Sweet & Associates
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2020, a true and correct copy of the foregoing MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT'S SECOND MOTION FOR DISMISSAL OF INDICTMENT was served on all counsel of record via the USDC CM/ECF electronic filing system.

/s/Dennis C. Sweet, III
Dennis C. Sweet, III