IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.                                              Criminal Action No. 3:20-CR-88-TSL-FKB

MARK ANTHONY COLEMAN                                                  DEFENDANT

---

**DEFENDANT'S MOTION FOR PRODUCTION AND INSPECTION OF *BRADY* MATERIALS AND/OR INFORMATION WHICH MAY LEAD EVIDENCE, WITH INCORPORATED MEMORANDUM OF AUTHORITIES**

---

COMES NOW the Defendant, Mark Anthony Coleman, and hereby moves this Court, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, to order the Government to inquire about and make the following disclosures:

**SPECIFIC *BRADY* REQUESTS**

The Defendant, Mark Anthony Coleman (also referred to as "Coleman"), respectfully requests that this Court order the Government to inquire about and to disclose all materials, information, photographs, videos, recordings, records, notes, reports, electronic mail, communication and statements (herein referred to as "information") known to the Government/State or which may become known, or which through due diligence may be learned from the investigating officers or the witnesses or per-

sons exculpatory or favorable material(s) regarding either guilt or punishment. This includes, but is not limited to the following:

1. Information tending to indicate that Defendant is not guilty of the offenses alleged in the Indictments.

2. Information showing Defendant's reputation for honesty, integrity, and/or trustworthiness.

3. Information showing the reputation for honesty, integrity, and/or trustworthiness, and/or any criminal record of any witness called by the Government, including any complaining witness.

4. Names of any individuals who made an arguably favorable statement about the Defendant, or who indicated to law enforcement that Defendant is not guilty of the crimes alleged in the Indictments, or that the Defendant might not have had the intent to commit the crimes alleged in the Indictments.

5. Any and all photographs, text messages, or recorded audio or video recordings, sent from or received from the minor, SB, or evidencing any calls made to or received by the minor which in any way concern the crimes alleged in the Indictments.

6. All medical records pertaining to the minor, SB, produced or generated within the previous 5 years.

7. The identification and copies of any and all tangible objects allegedly altered, destroyed, mutilated, concealed, or covered up by the Defendant as alleged in the Indictments.

8. The identification of all male and female individuals with whom the minor, SB, dated or engaged in sexual contact or actions within the previous 5 years.

9. The identification of any other male or female individuals the minor, SB, alleges attempted to knowingly persuade, induce, entice, and/or coerce her into engaging in sexual activity.

10. The identification of the origin, date of purchase, and intended use of the pregnancy test discovered in the minor's, SB's, room or in her personal belongings.

11. Any all juvenile court or arrest records pertaining to the minor, SB.

12. The identification, origin, and date of receipt by the minor, SB, of the "porn" photographs allegedly forwarded to the Defendant.

13. Any and all Mississippi Department of Human Services (DHS) records pertaining to the

minor, SB, and produced or generated within the previous 5 years.

14. Information which arguably could be helpful or useful to the defense in detracting from the probative force of the Government's evidence, including impeachment evidence, or which arguably could lead to such information, including information that the Defendant might not have had the intent to commit the crimes alleged in the Indictments. This request includes, but is not limited to, the following information, regarding any potential witness, informant or any Government agent who has been involved in the investigation of this case:

    (a) requests or statements by government agents or employees to any individual or corporation regarding the payment of defendant's legal fees or expenses;

    (b) prior convictions, arrests, misconduct, wrongs, or bad acts;

    (c) prior or subsequent inconsistent statements;

    (d) instructions not to discuss the case with defense counsel;

    (e) the mental, emotional, and physical history of Defendant, or any witness;

    (f) the use of any lie detector or polygraph tests on any witness and the results;

    (g) the use of narcotics or other controlled substances or alcohol;

    (h) defect or deficiency of character for truthfulness, including but not limited to the complainant and officers involved in the investigation/arrest of Defendant;

    (i) partiality, prejudice, bias, motive, interest or corruption;

    (j) any defect or deficiency of capacity in any prospective witness to observe, remember or recount events;

    (k) the existence and identification of each occasion on which each witness who was or is an informer, accomplice, or expert, has testified before any court, grand jury, or other tribunal or body;

    (l) any benefit to individuals whatsoever in exchange for their cooperation, assistance or testimony, and any incentives paid, promised or discussed with the witness and the witness's prior history of cooperation with law enforcement;

    (m) a threat to prosecute if cooperation was not forthcoming;

    (n) a promise or suggestion of leniency, compensation, assurance not to prosecute, or representations with respect to any uncharged misconduct;

    (o) the immigration status of any potential government witness or informant who is not a United States citizen;

(p) any probation, parole, deferred adjudication, or deferred government or custodial status; and

(q) any pending or potential criminal, civil or administrative investigations, legal disputes or transactions over which the government has real, apparent or perceived influence which could be brought against the witness or friends or relatives of the witness.

## ARGUMENT

### 1. Disclosure of Materials

The settled principles in *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Kyles v. Whitley*, 514 U.S. 419 (1995), provide that the Government may not suppress evidence favorable to a Defendant, either as direct or impeaching evidence. All documents and information which are exculpatory must be provided to the defense. Courts have noted that the test is not whether the government attorneys believe the material to be favorable to the defense. Rather, it is whether the material "could fairly be construed as favorable to the Defendant and material to the issue of guilt or punishment. . . ." *United States v. Partin*, 320 F. Supp. 285 (E.D. La. 1970). Doubts as to whether certain items of evidence or types of information could be construed in the defense's favor should be resolved in favor of their production to the defense. *United States v. Perkins*, 383 F. Supp. 922, 930 (N.D. Ohio 1974). Since material containing leads to possible exculpatory evidence must also be produced under *Brady*, the evidence itself need not be admissible at trial.

All information relating to the credibility of a witness clearly must be provided to the Defendant. *United States v. Bagley*, 473 U.S. 667 (1985). Under Rule 608(b) of the Federal Rules of Evidence, the Court has discretion to permit a defendant to cross-examine a witness as to specific instances of misconduct -- or so called bad acts. The purpose of such testimony is specifically to attack the witness' character. Accordingly, the Government should be ordered to disclose to the defense any behavior of Government witnesses that might arguably constitute such bad acts.

Similarly, the Government has an obligation to disclose any and all consideration which is held out, offered, or paid to a witness, or which the witness objectively hopes for or anticipates, because such consideration directly gives rise to an inference of interest. *United States v. Mayer*, 556 F.2d 245 (5th Cir. 1977). The Defendant is also entitled to be advised of any matter which might cause a witness to color his or her testimony in favor of the Government out of fear or interest in self-preservation. Thus, the government must disclose both the "stick" and the "carrot." *United States v. Sutton*, 542 F.2d 1239 (4th Cir. 1976). If the Government possesses any information which might reveal that anyone became a witness in this case because of any pressure applied to him by any other federal law enforcement or regulatory body, the Government should be required to disclose this information.

The evidence of any representations, which have been made by the Government or which the Government will make at any future time, is discoverable pursuant to the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution. Withholding of any such evidence constitutes a denial to the Defendant herein of his constitutionally protected rights to due process and fundamental fairness in the criminal proceedings brought against him. *Giglio v. United States*, 405 U.S. 150 (1972); *Brady*, 373 U.S. at 85. Such evidence is not only exculpatory in the sense that it is legitimate grounds for impeachment of any witnesses the Government may call to testify against the Defendant, but is also discoverable by the Defendant in order to show such witnesses' bias or prejudice in testifying at trial. *Davis v. Alaska*, 415 U.S. 308 (1974); *Williams v. Dutton*, 400 F.2d 797 (5th Cir. 1968).

### 2. Prompt Disclosure

The production of the requested materials should be required promptly, and not delayed or postponed. If the production or disclosure of the requested materials is to be of any use to the Defendant in his defense of the crimes alleged in the Indictments, common sense dictates that evidence in the Government's possession favorable to the Defendant should be made available to him far enough in advance of trial so as to allow him sufficient time for its evaluation, preparation, and presentation at

trial. Otherwise, the trial of this matter might well have to be interrupted for an inordinate length of time until the defendant has had an opportunity to explore all the ramifications of the Government's disclosures, contact witnesses, examine documents, and the like. Such a probable delay will likely be avoided by prompt pre-trial disclosure. *See Partin*, 320 F. Supp. at 285.

### 3. Request for Diligent and Thorough Search

The prosecution in this case must search the files of all agents or employees of the Government, including any victim/witness contact personnel, whether paid or volunteers, and any other municipal, county, state or Federal agencies involved in this matter, including the Mississippi Child Advocacy Center, Jackson Police Department, the Hinds County Sheriff's Office, and the United States Department of Justice. *See, e.g., Kyles v. Whitney*, 514 U.S. 419 (1995) (finding that "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the other acting on the government's behalf in the case, including the police."); *United States v. Wood*, 57 F.3d 733 (9th Cir. 1995) (holding that exculpatory material in the possession of the Food and Drug Administration ("FDA") files was within the constructive knowledge and possession of the prosecutors because the FDA was involved in the investigation and the FDA was the agency charged with administering the statute at issue); *United States v. McVeigh*, 954 F. Supp. 1441 (D. Colo. 1997) (stating that, in their search for *Brady* materials, prosecutors must "inform themselves about everything that is known in all of the archives and all of the data banks of all of the agencies collecting information which could assist in the construction of alternative scenarios to that which they intend to prove at trial")).

WHEREFORE, PREMISES CONSIDERED, the Defendant, Mark Anthony Coleman, respectfully requests that this Court enter an Order requiring the Government to produce without delay all items or information enumerated in this motion.

Dated: September 9, 2020.

MARK ANTHONY COLEMAN

BY: /s/Dennis C. Sweet, III
Dennis C. Sweet, III

Dennis C. Sweet, III (MSB #8105)
Sweet & Associates
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2020, a true and correct copy of the foregoing MOTION FOR PRODUCTION AND INSPECTION OF *BRADY* MATERIALS AND/OR INFORMATION WHICH MAY LEAD EVIDENCE was served on all counsel of record via the USDC CM/ECF electronic filing system.

/s/Dennis C. Sweet, III
Dennis C. Sweet, III