IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:20-cr-88-TSL-FKB

MARK ANTHONY COLEMAN

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**FIRST MOTION FOR DISMISSAL OF INDICTMENT**

The United States (hereafter the "Government") hereby files its response in opposition to the First Motion for Dismissal of Indictment by Defendant Mark Anthony Coleman. For the reasons stated below, the Court should deny the motion:

**I.  Background**

The two-count federal indictment returned against the defendant on July 14, 2020, stated in count 1:

"Beginning on or about February 24, 2020, and continuing through on or about May 7, 2020, in Hinds County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, Mark Anthony Coleman, did use a facility and means of interstate commerce, that is, a cellular telephone connected to the Internet, to attempt to knowingly persuade, induce, entice and coerce an individual whom he knew had not attained the age of 18 years, to engage in sexual activity under such circumstances that would constitute a criminal offense by any person under Mississippi Code of 1972, Section 97-3-95, all in violation of Title 18, United States Code, Section 2422(b)."

Count 2 alleged an offense, with the same county, division and jurisdiction of the Court:

"On or about February 24, 2020, in Hinds County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, Mark Anthony Coleman, did unlawfully and knowingly alter, destroy, mutilate, conceal, and cover up a tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any department or agency of the United States, or in relation to or contemplation of any such matter or case, to wit: the defendant, Mark Anthony Coleman, deleted text messages and images of a minor female from his cellular telephone and disconnected services to a cellular telephone purchased for the minor female by him, all in violation of Title 18, United States Code, Section 1519."

## II. The defendant's first motion should be denied because the indictment allowed the defendant to prepare a defense to the charges against him.

The July 14, 2020, indictment issued against the defendant contained clear and particular language, which allowed the defendant to begin preparing his defense. An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7 (c)(1)(2020). When reviewing an indictment, the Court must take the indictment's allegations as true. *United States v. Lucas*, 516 F.3d 316, 342 (5th Cir. 2008). An indictment is sufficient if it "alleges every element of the crime charged and in such a way as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding." *United States v. Ratcliff*, 488 f.3D 639, 643 (5TH Cir. 2007).

2

Based on the plain, concise, and definite language in the two-counts of the indictment, the defendant was able to begin preparing his defense. A violation of the statute can occur with grooming behavior and other acts of a defendant's intent to entice, persuade, induce, or coerce a minor, knowingly used a facility or means of interstate commerce, an individual under the age of eighteen (18) to engage in sexual activities. Further, the statute has an attempt provision that the Fifth Circuit found in *United States v. Howard*, 766 F.3d 414 (5th Cir. 2014), not to be unconstitutionally vague or overbroad. *Id.*, 425.

The Court, on a motion to dismiss an indictment, looks to the sufficiency of the essential elements of the offense, so that the indictment fairly informs a defendant of the charge against which he must defend; and also to the specificity of the charges that might enable a defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling* v. *United States*, 418 U. S. 87, 117 (1974); see also *United States v. Cooper*, 714 F.3d 873, 877 (5th Cir. 2013); *United States v. Resendiz-Ponce*, 549 U. S. 102, 108 (2007).

The Supreme Court has long stressed that, [a]n indictment . . ., if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). On a motion to dismiss an indictment for failure to state an offense, which is a challenge to the sufficiency of the indictment, the court is to "take the allegations of the indictment as true and to determine whether an offense has been stated. *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Santos-Riviera*, 183 F.3d 367, 369 (5th Cir. 1999). A party may move the court under Federal Rule of Criminal Procedure 12(b) to dismiss based on "any defense, objection, or request that the court

3

determine without a trial of the general issue." Fed. R. Crim. P. 12 (b). The Fifth Circuit has cautioned, "[I]n testing the sufficiency of an indictment, a court must not pierce the pleadings and make a premature resolution of the merits of the allegations." *United States v. Cadillac Overall Supply Co*., 568 F.2d 1078, 1082 (5th Cir.), cert. denied, 437 U.S. 903 (1978).

Defendant Coleman alleges that "the indictment . . . , on its face, it charges an essential element against Mr. Coleman which cannot be met." Mot. Doc # 26, at p. 1.

In support of this assertion, the Defendant states in his memorandum of authorities to the First Motion of dismissal, that the Government cannot prove the Defendant took a "substantial step" to commit the crime of Attempted Enticement and Coercion. The Defendant cites *United States v. Barlow*, 568 F.3d 215 (5th Cir. 2009) as his authority, because there were no plans to meet at a hotel, no purchase of a plane ticket or any indication Defendant Coleman would have met the minor for sexual activity. Motion at p. 5.

The Fifth Circuit held in *United States v. Barlow*, that *Barlow* had already taken substantial steps in persuading a person whom he believed was a minor to engage in illegal sexual activity during the more than eleven months of communicating with the minor. *Id.* 219 (internal quotation omitted). The Fifth Circuit in *Barlow* defined "substantial step" as "conduct which strongly corroborates the firmness of the defendant's criminal attempt." "Mere preparation is not enough." *Id*. at 219.

The Government submits the facts in this case at trial will show firmness of defendant Coleman's criminal attempt to persuade the minor to engage in sexual activity. Briefly, the evidence will show that the defendant turned off his police body cam video recording device

4

to speak privately with the 15-year-old runaway that he picked up pursuant to his duty as a police officer.   At that time, defendant Coleman gave the 15-year-old his private cellular telephone number. The defendant after purchasing the phone began sexual explicit conversations with the minor, including asking the minor to send him nude images of her vagina via the cellular telephone purchased by the defendant. The defendant clearly knew the age of the minor after he had located her in his official capacity as a Jackson Police Officer. *See Exhibit 1*.   In addition, to the defendant purchasing a cellular telephone, he sent money via Western Union to the 15-year-old.   Further, the defendant disconnected the cellular phone services to the phone he purchased for the 15-year-old at the time the minor had run-away from home again in April 2020. The defendant knew law enforcement was looking for the missing 15-year-old, remained silent with knowledge of how to contact the missing child as a police office, and disconnected the phone that could have assisted law enforcement in locating the child.

Title 18, United States Code, Section 2422(b) also requires that a defendant use a means or facility of interstate commerce.   The statute does not require sexual contact occur, but that the defendant sought to persuade, entice or induce the minor to engage in sexual contact. *Barlow* citing *United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000) (§ 2422 criminalizes "persuasion and the attempt to persuade, not the performance of the sexual acts themselves"). *Id*. footnote 10.   Accordingly, the First Motion of the defendant fails.

### A. Conclusion

The indictment filed against the defendant on July 14, 2020, contained plain, concise, definite, and particular language describing the charges against him.   The defendant was,

therefore, aware of the charges against him, and was able to begin preparing his defense. Therefore, the Government respectfully requests the Court to deny the defendant's first motion to dismiss the Indictment.

                                            Respectfully submitted,

                                            MICHAEL D. HURST, JR.
                                            United States Attorney

Dated October 5, 2020.          By:    */s/ Glenda R. Haynes*
                                                    GLENDA R. HAYNES
                                                    Assistant United States Attorney
                                                    MSB: #2132
                                                    501 E. Court Street, Suite 4.430
                                                    Jackson, MS 39201
                                                    Telephone: 601-965-4480
                                                    Facsimile: 601-965-4409
                                                    Glenda.Haynes@usdoj.gov

## CERTIFICATE OF SERVICE

I, Glenda R. Haynes, hereby certify that on this day, I filed the foregoing with the Clerk of the Court using the electronic filing system, ("ECF"), which sent notification to all parties of record.

This the 5th day of October, 2020.

                                            */s/ Glenda R. Haynes*
                                            GLENDA R. HAYNES
                                            Assistant United States Attorney