IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:20-cr-88-TSL-FKB

MARK ANTHONY COLEMAN

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**SECOND MOTION FOR DISMISSAL OF INDICTMENT**

The United States (hereafter the "Government") respectfully submits this response in opposition to the Second Motion for Dismissal of Indictment of Defendant Mark Anthony Coleman (hereafter "Defendant Coleman"). Defendant Coleman asserts the indictment is unconstitutional vague and unconstitutionally overbroad in that it criminalizes protected speech in violation of his First Amendment of the United States Constitution. For the reasons stated below, the Court should deny the motion:

**I.    Background**

The two-count federal indictment returned against the defendant on July 14, 2020, stated in count 1:

"Beginning on or about February 24, 2020, and continuing through on or about May 7, 2020, in Hinds County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, Mark Anthony Coleman, did use a facility and means of interstate commerce, that is, a cellular telephone connected to the Internet, to attempt to knowingly persuade, induce, entice and coerce an individual whom he knew had not attained the age of 18 years, to engage in sexual activity under such circumstances that would constitute a criminal offense by any person under Mississippi Code of 1972, Section 97-3-95, all in violation of Title

1

18, United States Code, Section 2422(b)."

Count 2 alleged an offense, with the same county, division and jurisdiction of the Court:

"On or about February 24, 2020, in Hinds County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, Mark Anthony Coleman, did unlawfully and knowingly alter, destroy, mutilate, conceal, and cover up a tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any department or agency of the United States, or in relation to or contemplation of any such matter or case, to wit: the defendant, Mark Anthony Coleman, deleted text messages and images of a minor female from his cellular telephone and disconnected services to a cellular telephone purchased for the minor female by him, all in violation of Title 18, United States Code, Section 1519."

### I. The defendant's first motion should be denied because the indictment allowed the defendant to prepare a defense to the charges against him.

The July 14, 2020, indictment issued against the defendant contained clear and particular language, which allowed the defendant to begin preparing his defense. An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7 (c)(1)(2020). When reviewing an indictment, the Court must take the indictment's allegations as true. *United States v. Lucas*, 516 F.3d 316, 342 (5th Cir. 2008). An indictment is sufficient if it "alleges every element of the crime charged and in such a way as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding." *United States v. Ratcliff*, 488 f.3D 639, 643 (5TH Cir. 2007).

Based on the plain, concise, and definite language in the two-counts of the indictment, the defendant was able to begin preparing his defense. A violation of the statute can occur with

2

grooming behavior and other acts of a defendant's intent to entice, persuade, induce, or coerce a minor, knowingly used a facility or means of interstate commerce, an individual under the age of eighteen (18) to engage in sexual activities. Further, the statute has an attempt provision that the Fifth Circuit found in *United States v. Howard*, 766 F.3d 414 (5th Cir. 2014), not to be unconstitutionally vague or overbroad. *Id.*, 425.

The Court on a motion to dismiss an indictment, looks to the sufficiency of the essential elements of the offense, so that the indictment fairly informs a defendant of the charge against which he must defend; and also to the specificity of the charges that might enable a defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U. S. 87, 117 (1974); see also *United States v. Cooper*, 714 F.3d 873, 877 (5th Cir. 2013); *United States v. Resendiz-Ponce*, 549 U. S. 102, 108 (2007).

The Supreme Court has long stressed that, "An indictment . . ., if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). On a motion to dismiss an indictment for failure to state an offense, which is a challenge to the sufficiency of the indictment, the court is to "take the allegations of the indictment as true and to determine whether an offense has been stated. *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Santos-Riviera*, 183 F.3d 367, 369 (5th Cir. 1999). A party may move the court under Federal Rule of Criminal Procedure 12 (b) to dismiss based on "any defense, objection, or request that the court determine without a trial of the general issue." Fed. R. Crim. P. 12 (b).  The Fifth Circuit has cautioned, "[I]n testing the sufficiency of an indictment, a court must not pierce the pleadings and make a premature resolution of the merits of the allegations." *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir.), cert. denied, 437 U.S. 903 (1978).

Defendant Coleman alleges that "the indictment . . ., on its face, it charges an essential element against Mr. Coleman which cannot be met." Mot. Doc # 26, at p. 1. In support of this assertion, the Defendant states in his memorandum of authorities to the First Motion of dismissal, that the Government cannot prove the Defendant took a "substantial step" to commit the crime of Attempted Enticement and Coercion. The Defendant cites *United States v. Barlow*, 568 F.3d 215 (5th Cir. 2009) as his authority, because there were no plans to meet at a hotel, no purchase of a plane ticket or any indication Defendant Coleman would have met the minor for sexual activity. Motion at p. 5.

The Fifth Circuit held in *United States v. Barlow*, that *Barlow* had already taken substantial steps in persuading a person whom he believed was a minor to engage in illegal sexual activity during the more than eleven months of communicating with the minor. *Id.* 219 (internal quotation omitted). The Fifth Circuit in *Barlow* defined "substantial step" as "conduct which strongly corroborates the firmness of the defendant's criminal attempt." "Mere preparation is not enough." *Id.* at 219.

The Government submits the facts in this case at trial will show firmness of defendant Coleman's criminal attempt to persuade the minor to engage in sexual activity. Briefly, the evidence will show that the defendant turned off his police body cam video recording device to speak privately with the 15-year-old runaway that he picked up pursuant to his duty as a police officer. At that time, defendant Coleman gave the 15-year-old his private cellular telephone number. The defendant after purchasing the phone began sexual explicit conversations with the minor, including asking the minor to send him nude images of her vagina via the cellular telephone purchased by the defendant. The defendant clearly knew the age of the minor after he had located her in his official capacity as a Jackson Police Officer. *See Exhibit 1*. In addition, the

defendant purchased a cellular telephone for the minor and sent money via Western Union to the 15-year-old.  Moreover, the defendant disconnected the cellular phone services to the phone he purchased for the 15-year-old at the time the minor had run-away from home again in April 2020. The defendant knew law enforcement was looking for the missing 15-year-old, remained silent on assisting in his capacity as a police office, and disconnected the phone that could have located the child.

Title 18, United States Code, Section 2422(b) also requires that a defendant use a means Interstate commerce.  The statute does not require sexual contact occur, but that the defendant sought to persuade, entice or induce the minor to engage in sexual contact. *Barlow* citing *United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000) (§ 2422 criminalizes "persuasion and the attempt to persuade, not the performance of the sexual acts themselves"). *Id*. footnote 10. Accordingly, the First Motion of the defendant fails.

   **II.     Title 18, United States Code, Section 2422(b) is constitutional and not vague nor overbroad.**

"A statute is unconstitutionally vague if it fails to define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Hasner*, 340 F.3d 1261, 1269 (11th Cir. 2003) (per curiam) quoting *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855 (1983); *see also Gonzales v. Carhart et al.*, 127 S.Ct. 1610 (2007); *United States v. Marte*, 356 F.3d 1336 (2004).  The meaning of a word with consideration given to the context in which the word was used. *Holloway v. United States*, 526 U. S. 1, 7, 119 S.Ct. 966 (1999).  "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved;

but rather the indeterminacy of precisely what that fact is." *United States v. Williams*, 128 S.Ct. 1830, 1846 (2008).  This merely requires a common sense review of the statutory language. "[T]he meaning of the words used to describe the [impermissible] conduct can be ascertained fairly by reference to judicial decisions, common law, dictionaries, and the words themselves because they possess a common and generally accepted meaning." *United States v. Eckhardt,* 466 F.3d 938, 944 (2006).

The Fifth Circuit for the first time in *United States v. Howard*, 766 F.3d 414 (5th Circuit 2014) addressed constitutional challenges to § 2422 (b).  The Court looked at other sister circuits opinions that had addressed constitutional challenges to § 2422(b) regarding vagueness and over breadth.   The Fifth Circuit examined the Sixth Circuit's decision in *United States v. Hart*, 635 F.3d 850, 858(6th Circuit 2011).  The Sixth Circuit rejected an over breadth challenge to § 2422 (b) and held that because "1) the statute applie[d] only to persons who knowingly attempt to persuade minors to engage in sexual activity, and (2) a defendant 'does not have a First Amendment right to attempt to persuade minors to engage in illegal sex acts." *Hart*, 857.  The Supreme Court in *New York v. Ferber*, 458 U. S. 747, 757, 102 S. Ct. 3348, 73 L.Ed.2d 1113 (1982), rejected a First Amendment challenge and held in its opinion that "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance."

The Fifth Circuit in *Howard* relying on other sister circuits, found § 2422 (b) constitutional and not overbroad because it did not criminalize protected speech. *Howard*, at 430.

The Sixth Circuit held in *U. S. v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000), that a "defendant simply does not have a First Amendment right to attempt to persuade minors to engage in illegal sex acts."

The Fifth Circuit also addressed in *Howard*, at 421, the issue of what constituted "a substantial step under § 2422(b)" absence travel or any definite plans to travel by a defendant. The Court recognized that in *U. S. v. Broussard*, 669 F.3d 537 (5th Cir. 2012), it did not address the issue of what constituted substantial steps for an attempt offense under §2422(b). The Court looked at whether travel to a meeting place or plans to travel were necessary to constitute substantial steps by a defendant. In addition, the *Howard* Court addressed whether obtaining a phone number and having conversations with a minor about meeting for illicit sexual activity constituted a substantial step toward persuading a minor to engage in illicit sexual activity for a violation of § 2422(b). *Howard*, at 421. In other words, what conduct crosses the line from mere preparation to attempt in violation of the statute. The *Howard* Court found that grooming conversations violated the statute.

The Fifth Circuit looked at the Ninth Circuit opinion in *United States v. Goetzke*, 494 F.3d 1232 (9th Cir.2007), which affirmed a defendant's § 2422(b) conviction absent any travel plans or plans to meet. The Court found that *Goetzke* in his sexual letters "essentially began to 'groom' the minor victim for a sexual encounter. The Court further held that "[c]hild sex abuse is often effectuated following a period of 'grooming' and the sexualization of the relationship." The Fifth Circuit adopting the Ninth Circuit's decision did not "try to give an exhaustive list of the possibilities for what constituted substantial steps." *Id.* The Fifth Circuit noted in *Howard* that "grooming behavior" is a factor other courts have found significant in some cases. *Howard* at 424.

The Seventh Circuit in *United States v. Chambers*, 642 F.3d 588, 593 (7th Cir. 2011) found that ("We recognize that child sexual abuse can be accomplished by several means and is often carried out through a period of grooming."). The Seventh Circuit defined "grooming" as

7

"deliberate actions taken by a defendant to expose a child to sexual material; the ultimate goal of grooming is the formation of an emotional connection with the child and a reduction of the child's inhibitions in order to prepare the child for sexual activity." Citing *United States v. Chambers*, 642 F.3d 588, 593. "The presence of grooming behavior is probative evidence that supports the inference that the defendant intends to entice the minor to assent to illegal sex." *Howard* at 425.

The Fifth Circuit rejected *Howard*'s argument that definite plan to travel is required to sustain a conviction under § 2422(b), and thus held that "travel or a definite plan to travel is not necessary to constitute a "substantial step" under § 2422(b). The Court was persuaded by the Ninth Circuit opinion in *Goetzke*, which affirmed the "conviction of the defendant where the defendant proposed a summer meeting in Montana and lured the minor victim with 'dazzling incentives' that 'essentially began to 'groom' the victim 'for a sexual encounter'". *Howard* at 426. Accordingly, defendant's second motion to dismiss fails and the court should denied.

### III.     The forfeiture Allegation is proper.

Fed. R. Crim. P. 32.2(a) provides that notice to a defendant in the indictment is sufficient to seek forfeiture and an itemized list of property to be forfeited, is not required. The forfeiture allegation in defendant Coleman's indictment adequately puts the defendant on notice that "the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." *Id.* The indictment does not have to contain itemized list of property, it is enough if indictment tracks language of statute. *United States v. Iacaboni*, 221 F.Supp. 2d 104 (D. Mass. 2002), *aff'd in part, rev'd in part on other grounds.*

### IV.     Conclusion

For the foregoing reasons, the Court should deny defendant Coleman's second motion to dismiss the indictment.

                                             Respectfully submitted,

                                             MICHAEL D. HURST, JR.
                                           United States Attorney

Dated: October 5, 2020.            By:    */s/ Glenda R. Haynes*
                                                      GLENDA R. HAYNES
                                                      Assistant United States Attorney
                                                      MSB: #2132
                                                      501 E. Court Street, Suite 4.430
                                                      Jackson, MS 39201
                                                      Telephone: 601-965-4480
                                                      Facsimile: 601-965-4409
                                                      Glenda.Haynes@usdoj.gov

## CERTIFICATE OF SERVICE

I, Glenda R. Haynes, hereby certify that on this day, I filed the foregoing with the Clerk of the Court using the electronic filing system, ("ECF"), which sent notification to all parties of record.

This the 5th day of October, 2020.

                                                     */s/ Glenda R. Haynes*
                                                     GLENDA R. HAYNES
                                                     Assistant United States Attorney