IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 3:20-cr-88-TSL-FKB

MARK ANTHONY COLEMAN

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR PRODUCTION
AND INSPECTION OF *BRADY* MATERIALS AND/OR INFORMATION
<u>WHICH MAY LEAD TO EVIDENCE</u>**

The United States (hereafter the "Government"), by and through the undersigned
Assistant United States Attorney, files this Response to Defendant's Motion for Production and
Inspection of Brady materials and/or information which may lead [to] evidence.  Specifically, the
Government opposes those portions of the motion that are outside the scope of the discovery
order previously given by this Court, and those portions which are not required by law.

In his motion, the Defendant requests production of the following items within a
reasonable time:

1.  **Information tending to indicate that Defendant is not guilty of the offenses
    alleged in the indictment[s].**

To the extent that these items exist, the Government has already produced discovery to
the defendant on August 17, 2020.

2.  **Information showing Defendant's reputation for honesty, integrity, and/or
    trustworthiness.**

This request is inapplicable in the instant case and the Government does not have
information regarding this request.

1

3. **Information showing the reputation for honesty, integrity, and/or trustworthiness, and/or any criminal record of any witness called by the Government, including any complaining witness.**

The Government will provide the Defendant information, along with its witness list, five (5) days prior to the trial on the merits, in accordance with this Court's discovery order and *Giglio v. United States*, 405 U.S. 150 (1972).

4. **Names of any individuals who made an arguably favorable statement about the Defendant, or who indicated to law enforcement that Defendant is not guilty of the crimes alleged in the indictment[s], or that the Defendant might not have had the intent to commit the crimes alleged in the Indictment[s].**

To the extent that these items exist, the Government already has produced or made available to the Defendant any items relevant to this cause.

5. **Any and all photographs, text messages, or recorded audio or video recordings, sent from or received from the minor, or evidencing any calls made to or received by the minor which in any way concern the crimes alleged in the Indictment[s].**

This discovery request is inapplicable because the Defendant is already in possession of any existing items under this section to which he is entitled.

6. **All medical records pertaining to the minor, [ ] produced or generated within the previous 5 years.**

The request is inapplicable in the instant case.

7. **The identification and copies of any and all tangible objects allegedly altered, destroyed, mutilated, concealed, or covered up by the Defendant as alleged in the Indictment.**

   The information has been made available to the Defendant through the Government's discovery produced on August 17, 2020.

8. **The identification of all male and female individuals with whom the minor, dated or engaged in sexual contact or actions within the previous 5 years.**

To the extent if any exists, Federal Rules of Evidence 403 and 412, bar any evidence of the victim's prior sexual history.

9. **The identification of any other male or female individuals with whom the minor alleges attempted to knowingly persuade, induce, entice, and/or coerce her into engaging in sexual activity.**

To the extent if any exists, Federal Rules of Evidence 403 and 412, bar any evidence of the victim's prior sexual history.

10. **The identification of the origin, date of purchase, and intended use of the pregnancy test discovered in the minor's room or in her personal belongings.**

   To the extent if any exists, Federal Rules of Evidence 403 and 412, bar any evidence of the victim's prior sexual history.

11. **Any all juvenile court or arrest records pertaining to the minor.**

Mississippi Code, Section 43-21-261(1) ensures the confidentiality of records involving children of the Youth Court but allows disclosure if any exist, subject to the "confidentiality requirements of Section 43-21-261(1). The Government acknowledges its discovery obligations

pursuant to Fed. R. Crim. P. 16 and Fed. R. Evid. 609(d).  The Government filed a separate motion regarding the barring of requested information and will follows the orders of the Court.

**12. The identification, origin, and date of receipt by the minor of the "porn" photographs allegedly forwarded to the Defendant.**

This request was produced in discovery material on August 17, 2020.

**13. Any and all Mississippi Department of Human Services (DKS) records pertaining to the minor and produced or generated within the previous 5 years.**

The Government submits this request is outside the scope of the Government's discovery obligation and is irrelevant to charged offenses.

**14. Information which arguably could be helpful or useful to the defense in detracting from the probative force of the Government's evidence, including impeachment evidence, or which arguably could lead to such information, including information that the Defendant might not have had the intent to commit the crimes alleged in the Indictment.  This request includes, but is not limited to, the following information, regarding any potential witness, informant or any Government agent who has been involved in the investigation of this case:**

The Defendant is not entitled to this material on the basis that it is beyond the scope of 18 U.S.C. § 3500.  Under 18 U.S.C. § 3500, "no statement or report in the possession of the United States which was made by a Government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  The Government is not required by this statute, or by any rule of criminal procedure, to produce any other statements.

4

**As to subsections (a) through (q),** the Government submits that these requests do not apply because no such information exist, outside the scope of the discovery order and is inapplicable.

Excepting exculpatory information, the Defendant is not entitled to the requested information.  All exculpatory evidence, to the extent it may exist, has been produced to the Defendant.

Respectfully submitted,

D. MICHAEAL HURST, JR.

By:     */s/ Glenda R. Haynes*
Assistant United States Attorney
MB # 2132
501 E. Court St., Ste. 4.430
Jackson, Mississippi 39201
601-965-4480

Dated:  October 5, 2020.

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2020, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing System (ECF), which served to send notification of this filing to counsel of record.

This the 5th day of October, 2020.

*/s/Glenda R. Haynes*
GLENDA R. HAYNES
Assistant United States Attorney