IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                        CRIMINAL NO. 3:20-cr-88-TSL-FKB

MARK ANTHONY COLEMAN

## GOVERNMENT'S MOTION IN LIMINE TO BAR EVIDENCE OF CONSENT, PRIOR JUVENILE COURT RECORDS AND TO EXLUDE PRIOR SEXUAL HISTORY OF VICTIM

The United States of America (hereafter the "Government"), respectfully submits this Motion in Limine to Bar Evidence of Consent, Prior Juvenile Court Records, and to Exclude Evidence of Any Prior Sexual History of the Victim in this case.  For the reasons explained below, the Government respectfully requests that the Court bar admission of evidence relating to the issue of consent by the Victim, medical records of the Victim, juvenile court records, and the prior sexual history of the Victim and, therefore, preclude the defense from raising these matters in any manner, including opening statements, witness examination, introduction of exhibits, and closing arguments.

### Procedural Background

The defendant is charged in a two-count Indictment arising from his acts of attempting to entice, persuade, induce, or coerce a minor, in violation of 18 U.S.C. 2422(b), and 18 U.S.C. § 1519, for altering, destroying, mutilating, concealing and covering up with intent to impede, obstruct and influence an investigation. Both counts relate to the Victim who was 15-years-old during the charged timeframe.

1

**Argument**

I.     ANY EVIDENCE OF CONSENT SHOULD BE EXCLUDED UNDER FEDERAL
       RULES OF EVIDENCE 401 AND 403 BECAUSE CONSENT IS NOT AN
       ELEMENT OF THE OFFENSE IN THIS CASE AND IS NOT A PROPER
       DEFENSE

       The defendant should be barred from introducing any evidence or making any argument

regarding the Victim's consent to enticement or to produce sexually explicit images of herself at

any point in the trial.  The charged offenses, enticement of a minor, and altering, destroying, or

covering up a tangible object to impede an investigation do not require any proof that the Victim

did or did not consent to the conduct.

       Rule 401 defines relevancy as "evidence having any tendency to make the existence of

any fact that is of consequence . . . more probable or less probable . . ."  Fed. R. Evid. 401.

Insofar as consent is not an issue in the elements of the offenses and is not a legally cognizable

defense, evidence of consent should be excluded.  Even if regarded as relevant, such evidence

should be excluded under Federal Rule of Evidence 403 because it is highly inflammatory and

would only serve to confuse the jury and divert the jury from the real issues in the case.

       To admit evidence of consent would constitute a recognition that minors can consent to

their own sexual exploitation by others.  Just as a minor cannot consent to sexual intercourse,

neither can a minor consent to being enticed or coerced and sending images of child

pornography.

       To establish a violation of 18 U.S.C. §2422(b); the government need only prove that the

defendant knowingly used a facility or means of interstate commerce to attempt to persuade,

induce, entice or coerce and individual under the age of eighteen to engage in any sexual

activity; that the defendant believed that such individual was less than eighteen (18) years of age

and, that the defendant could be charged with the criminal offense for engaging in the specified

2

sexual activity.  There is no requirement that the government prove that these acts were done without the victim's consent, or done against her will.  The Victim in this case was 15 years old at the time of the offense and therefore could not legally consent to these activities.

Consent is also not a required element for the crime of receiving images of child pornography.  In fact, the text of Section 2252 of Title 18, shows that Congress did not intend for consent to be an element of the offense when a person under 18 is caused to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.  *See* 18 U.S.C. §2252(a).  Courts of Appeals have consistently excluded evidence, and any defense, regarding a minor victim's intent or consent in connection with sexual exploitation, finding that a minor's intent or consent is neither an element of defense to these offenses and is therefore not properly before the jury.  *See United States v. Street*, 531 F.3d 703, 708 (8th Cir. 2008)(consent of the minor in the production of child pornography in violation of 18 U.S.C. §2251 was not a defense and evidence of consent was properly excluded); *United States v. Williams*, 529 F.3d 1, 6 (1st Cir. 2008)(even if a minor had consented to transportation for prostitution, consent would not have been legally valid); *United States v. Benais*, 460 F.3d 1059, 1063 (8th Cir. 2006) (finding that under 18 U.S.C. §2243, consent is not a defense to the federal statutory rape provision); *United States v. Abad*, 350 F.3d 793, 798(8th Cir. 2003)("[W]hen sexual assaults are committed upon children . . ., consent is not a defense.  The reason is that the victim in these cases, because of ignorance or deceit, do not understand what is happening to them.  Therefore, their 'consent' is of no significance."); *United States v. Lowe*, 145 F.3d 45, 52 (1st Cir. 1998)("Consent is a defense to kidnapping but not to a Mann Act charge."); *United States v. Jones*, 808 F.2d 561, 565 (7th Cir. 1986)(same); *United States v. Pelton*, 578 F.2d 701, 712 (8th Cir. 1978)(consent is not a defense to transportation of a minor for purposes of prostitution in violation of 18 U.S.C. §2421

3

nor enticement of a minor to travel for purposes of sexual activity, in violation of 18 U.S.C.

§2422).  For all these reasons, this Court should bar any evidence relating to consent at any point

in the trial.

II.    ANY EVIDENCE OF THE VICTIM'S PRIOR SEXUAL HISTORY IS BARRED
       BY FRE 412 AND 403

       A.   Federal Rule of Evidence 412

       Rule 412 of the Federal Rules of Evidence states that in cases involving allegations of

sexual misconduct, "[e]vidence offered to prove that any alleged victim engaged in other sexual

behavior" and "[e]vidence offered to prove any alleged victim's predisposition" is inadmissible.

*See* Fed. R. Evid. 412(a).  "Sexual behavior" encompasses all "activities that involve actual

physical conduct, i.e. sexual intercourse and sexual contact" or that imply sexual intercourse or

sexual contact, such as the use of contraceptives, birth of an illegitimate child, or diagnosis of

venereal disease.  *See* Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a)(1994).

The reference to "sexual predisposition" is "designed to exclude evidence that …that proponent

believes may have a sexual connotation for the fact finder," such as "the allege victim's mode of

dress, speech, or lifestyle." *Id.*

       According to the advisory committee notes accompanying this section:

       The rule aims to safeguard the alleged victim against the invasion of
       privacy, potential embarrassment and sexual stereotyping that is
       associated with public disclosure of intimate sexual details and the
       infusion of sexual innuendo into the fact-finding process.  By affording
       victims' protection in most instances, the rule also encourages victims
       of sexual misconduct to institute and to participate in legal proceedings
       against alleged offenders.

*See* Fed. R. Evid. 412, Advisory Committee Notes (1994).  Federal Rule of Evidence 412

attempts to accomplish these objectives by "barring evidence relating to the alleged victim's

sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for

impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." *Id.*

The Fifth Circuit in its opinion in *United States v. Lockhart*, 844 F.3d 501 (5th Cir. 2016) affirmed the district court exclusion of … "evidence of the victims' pre- and post-indictment acts of prostitution" … as irrelevant and admitting this type of evidence would not prove an element necessary to convict a defendant for violating Section 1591. *Id*. 510.  In addition, the Fifth Circuit held that the exclusion of evidence of pre- and post-indictment prostitution was not a violation of a defendant's Fifth Amendment.  *Id.*

Courts have consistently upheld the exclusion of evidence regarding a victim's past sexual history and alleged sexual predisposition.  *See United States v. Hitt*, 473 F.3d 146, 156 (5th Cir. 2006)(victim's previous sexual abuse inadmissible pursuant to Rule 412 as it was only marginally relevant but was prejudicial and had potential to confuse the jury);  *United States v. Peden,* 961 F.2d 517, 520 (5th Cir. 1992); *United States v. Dogskin*, 265 F.3d. 682, 686 (8th Cir. 2001)(testimony that victim was in bed with a man on morning after rape inadmissible under Rule 412); *United States v. Powell*, 226 F.3d 1181, 1197-98 (10th Cir. 2000)(evidence of victim's prior sexually suggestive and flirtatious behavior with other men inadmissible);  *United States v. Powers*, 59 F.3d 1460, 1468-69(4th Cir. 1995)(evidence regarding victim's sexual relations with her boyfriend excluded during trial); *United States v. Saunders*, 943 F.2d 388, 390-92(4th Cir. 1991)(evidence of victim's sexual relationship with a third party inadmissible); *United States v. Black*, 666 F.2d 43, 47-49(4th Cir. 1981)(evidence of victim's alleged promiscuity barred by Rule 412).

There are three exceptions to this rule in criminal cases in which evidence regarding a victim's past sexual behavior may be relevant and could therefore, be deemed admissible:

(a)  Evidence of specific instances of victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;

(b)  Evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and

(c)  Evidence whose exclusion would violate the defendant's constitutional rights.

Fed. R. Evid. 412(b).

The Government does not intend to introduce any evidence of semen.  The second exception has no application to this case because consent is not a valid defense to the criminal conduct charged in the Indictment.

Whether the victim in this case has sexual history—or even a sexual predisposition—is simply not a defense to the crimes with which the defendant is charged.  Barring the defense from questioning the minor victim in this case about her sexual history would not violate the defendants' constitutional rights.

In this case, any evidence that bears directly on the victim's sexual behavior and activities, or predispositions should be prohibited.  This type of evidence is explicitly precluded and the defendant should be instructed prior to commencement of the trial that he may not introduce such evidence, whether in opening statement or closing argument, or through cross-examination, direct testimony, or documentary evidence.

B.  Federal Rule of Evidence 403

Moreover, evidence relating to the victim's sexual behavior and activities, or predispositions, has no probative value and must be excluded under Fed. R. Evid. 403, which states that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or

by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  Because the victim's prior or subsequent sexual history does not support a defense, evidence of any prior sexual history has no probative value.  Such evidence also serves no impeachment purpose.  The government intends to introduce testimony on direct examination limited to the minor victim's sexual conduct with the defendant.  Any further inquiry into the details of the minor victim's sexual history would only serve as an unwarranted intrusion into her private live, be designed to embarrass her, create unfair prejudice, and confusion of the issues.  Therefore, any such history is properly excluded under Fed. R. Evid. 403.

## Conclusion

Wherefore, the government requests that the Court issue an order in accordance with the above requests.

Respectfully submitted,

D.MICHAEL HURST, JR.
United States Attorney

By:     /s/ *Glenda R. Haynes*_____
        GLENDA R. HAYNES
        Assistant United States Attorney
        MB # 2132
        501 E. Court St., Ste. 4.430
        Jackson, Mississippi 39201
        601-965-4480

Dated:  October 5, 2020.

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2020, I electronically filed the foregoing with the

Clerk of the Court using the Electronic Case Filing System (ECF), which served to send

notification of this filing to counsel of record.

This the 5th day of October, 2020.


                                        */s/Glenda R. Haynes*
                                        GLENDA R. HAYNES
                                        Assistant United States Attorney