IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**VS.**                                **Criminal Action No. 3:20-CR-88-TSL-FKB**

**MARK ANTHONY COLEMAN**                                    **DEFENDANT**

---

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR PRODUCTION AND INSPECTION OF *BRADY* MATERIALS AND/OR INFORMATION WHICH MAY LEAD TO EVIDENCE**

---

COMES NOW the Defendant, Mark Anthony Coleman, and files this his Reply to the Government's Response to Motion for Production and Inspection of *Brady* Materials and/or Information Which May Lead to Evidence, and in support of such reply would show unto the Court the following:

### ARGUMENT – REPLY

#### *Brady* Doctrine

More than seventy years ago, the Supreme Court of the United States opined that the role of the prosecution in the criminal justice system --

> is not that it shall win a case, but that justice shall be done. . . . [W]hile [the prosecutor] may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated

> to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

*Berger v. United States*, 295 U.S. 78 (1935). To that end, in *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused violates due process when the evidence is material to either guilt or punishment, irrespective of good faith or bad faith of the prosecutor."

The purpose of the *Brady* rule is to ensure that a defendant receives a fair trial in which all relevant evidence of guilt and innocence is presented at trial to enable the fact-finder to reach a fair and just verdict. *Brady*, 373 U.S. at 87. **The *Brady* doctrine imposes an affirmative duty on the Government to investigate, preserve, and disclose favorable information located in the Government's files, as well as information in the possession of any member of the prosecution team.** *Kyles v. Whitley*, 514 U.S. 419 (1995).

The *Brady* disclosure duty is triggered by an initial determination that the Government has evidence that is "favorable" to the accused. The Supreme Court has held that "favorable" evidence includes both exculpatory evidence that negates guilt and impeaching evidence that undermines the Government's case. *United States v. Bagley*, 473 U.S. 667 (1985). Both exculpatory and impeachment evidence are treated equally under the *Brady* doctrine. According to a 2007 national report, most State and Federal statutes and court rules designed to implement the *Brady* disclosure duty fail to delineate the different types of information subject to disclosure under *Brady*. Laura L. Hopper, et al., Fed. Judicial Ctr., *Treatment of Brady v. Maryland Material in United States District and State Courts' Rules, Orders, and Policies* 12-14, 25-38 (2007). As a result, the scope of the constitutional disclosure duty has been developed in the volume of State and Federal court cases decided in the fifty-five years since the Supreme Court's decision in *Brady*.

Evidence is deemed to be exculpatory if it tends to negate guilt, diminish culpability, support an affirmative defense (duress, self-defense), or if the evidence could potentially reduce the severity of the sentence imposed. *Mahler v. Kaylo*, 537 F.3d 494 (5th Cir. 2008); *see also Arline v. State*, 294 N.E.2d 840 (Ind. Ct. App. 1973) (ordering a new trial in a self-defense case where the prosecution failed to disclose the weapon used by the decedent during the altercation)). The clearest example of exculpatory evidence is information uncovered during the criminal investigation indicating that someone other than the defendant committed the crime. *See State v. Landano*, 637 A.2d 1270 (N.J. Super. Ct. App. Div. 1994). Exculpatory evidence must be disclosed even if the prosecutor does not find the information credible or has other contradictory information. *See, e.g., People v. Jackson*, 637 N.Y.S.2d 158 (N.Y. Sup. Ct. 1995) (stating that "[e]ven if the Assistant District Attorney 'had valid reasons to consider this witness to be unreliable, [he] should nonetheless have provided the defense with this important exculpatory information which was clearly *Brady* material.'")). Exculpatory evidence includes third-party confessions, victim recantations, eyewitness identifications of another person as the perpetrator, as well as descriptions of the perpetrator that are inconsistent with the defendant's appearance. *See, e.g., People v. Thomas*, 71 A.D.2d 839 (N.Y. App. Div. 1979) (finding a *Brady* violation during the prosecution of two African-American defendants where the Government suppressed witness statements describing the perpetrators as two white males)). Also included is forensic evidence that affirmatively excludes the defendant as the culprit or fails to link the defendant to crime scene evidence (including physical evidence such as DNA, fingerprints, or bite marks). The Government is also required to disclose evidence regarding the existence of other suspects who either have a *modus operandi* similar to the charged offense or who had the motive, means, and opportunity to commit the charged offense. *E.g., State v. Munson*, 886 P.2d 999 (Okla. Crim. App. 1994) (reversing a conviction based in part on the failure to disclose the existence of another prime suspect with a similar *modus operandi* who was seen at the scene of the crime on the night of the murder)).

Impeachment evidence encompasses a broad range of information that would expose weaknesses in the Government's case or cast doubt on the credibility of one or more of the Government's witnesses. The Supreme Court has observed that "[t]he jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." *Napue v. Illinois*, 360 U.S. 264 (1959). Impeachment evidence is especially valuable in a case "when it impugns the testimony of a witness who is critical to the prosecution's case." *Silva v. Brown*, 416 F.3d 980 (9th Cir. 2005). Impeachment evidence includes any information regarding a witness's prior convictions, biases, prejudices, self-interests, or any motive to fabricate or curry favor with the Government. Impeachment evidence also consists of prior inconsistent statements of the witness and any prior failure of the witness to identify the defendant. The Government must also disclose information that casts doubt on the ability of the witness to accurately perceive, recall, or report the facts related to the witness's testimony, including mental instability, substance abuse, memory loss, or any other physical or mental impairment. *E.g., Jean v. Rice*, 945 F.2d 82 (4th Cir. 1991) (involving the failure to disclose records of the victim's hypnosis, which were used to enhance the victim's testimony); *United States v. Sterba*, 22 F. Supp. 2d 1333 (M.D. Fla. 1998)).

In addition, *Brady* impeachment evidence includes any positive or negative inducements used to motivate a witness to testify on behalf of the Government. Inducements include promises, rewards, financial payments, and benefits, as well as threats, intimidation, and other forms of coercion used to secure testimony. *See Banks v. Dretke*, 540 U.S. 668 (2004) (vacating death sentence and remanding case based in part on prosecution's nondisclosure of financial payments, cooperation agreements, and other impeachment evidence involving the State's two chief witnesses); *Guerra v. Johnson*, 90 F.3d 1075 (5th Cir. 1996) (finding that the prosecutor intimidated and

threatened three juvenile witnesses so as to identify the defendant as the shooter)). Chief among Government inducements are offers of favorable treatment regarding the witness's own criminal matters. In many cases, the Government enters into plea deals, cooperation agreements, or immunity agreements with witnesses in order to secure their testimony against the defendant. The Government violates *Brady* if the Government does not disclose the existence of these agreements. This nondisclosure is exacerbated if the Government allows these cooperating witnesses to falsely testify that no agreement with the Government exists. *See, e.g., Napue*, 360 U.S. at 264; *Pyle v. Kansas*, 317 U.S. 213 (1942); *United States v. Kelly*, 35 F.3d 929 (4th Cir. 1994). In some cases, prosecutors have even offered the witness's perjured testimony regarding the nonexistence of an agreement to bolster the credibility of the witness during closing arguments. *See Banks*, 540 U.S. at 700. In addition to agreements, the *Brady* doctrine also mandates disclosure of both pending criminal cases and prosecutable offenses committed by any witness and known by the Government. The existence of these unresolved criminal cases could provide the witness with the expectation of favorable treatment even in the absence of a formal agreement with the Government. *See Giglio v. United States*, 405 U.S. 150 (1972).

*Brady* is read broadly to encourage prosecutors to carry out their **"duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police."** *Kyles*, 514 U.S. at 437 (emphasis added). Information possessed by other branches of the Federal government, including investigating officers, is typically imputed to the prosecutors of the case. *Id.* Courts have also held that a duty to search files maintained by governmental agencies closely aligned with the prosecution may be triggered when there is a reasonable prospect or notice of finding exculpatory evidence. *See United States v. Brooks*, 966 F.2d 1500 (D.C. Cir. 1992).

It must be noted that the most significant *Brady* case of the past 30 years has been *Kyles*. The importance of *Kyles* lies in the fact that the Supreme Court took the opportunity to explicitly refute virtually every excuse prosecutors have traditionally used to avoid turning over *Brady* material at trial. *Kyles*, 514 U.S. at 437. The following is a list, though not exhaustive, of the important determinations from *Kyles*:

1. Evidentiary suppression by the Government "undermines confidence in the outcome of the trial."

2. *Brady* does not suggest that sufficiency of evidence (or insufficiency) is the touchstone as to whether Brady disclosures are made.

3. Once a reviewing court has found constitutional *Brady* error, there is no need for harmless-error review. A *Brady* error is never harmless.

4. The individual prosecutor has a duty to learn of any favorable evidence known to others acting on the Government's behalf in the case, including the police.

5. *Brady* does not require "a series of independent materiality decisions" for each individual piece of information withheld. Rather, it requires, "a cumulative evaluation" to determine whether the cumulative effect of all the pieces of information the Government failed to disclose rises to the level of *Brady* materiality.

6. The following types or kinds of information, though not exhaustive, must be disclosed:

    - Inconsistent descriptions by different witnesses of the criminal.
    - Inconsistent descriptions by different witnesses of the crime.

- The fact that some of the witness's descriptions of the criminal matched the police informant.
- That there were pending charges against the police informant
- That there was an ongoing investigation of the police informant concerning other crimes.
- That the police informant made inconsistent statements to the police about the crime and about his accusation of the defendant
- That the police had other leads and information that they failed to follow up on or investigate, that could have pointed the finger at someone other than the defendant.
- That before accusing the defendant, one of the witnesses previously said that she had not actually seen the crime.
- That a witness's description of the crime and/or the criminal became more "accurate" and more certain after the witness met with police and/or prosecutors, or after the witness testified at a first hearing or trial.
- That a witness's prior statements omit significant details or facts that the witness "remembered" at trial.
- That a witness's trial testimony omitted significant details or facts that the witness mentioned in prior statements.
- That a witness or informant made statements that incriminated himself in the crime charged against the defendant.

### Rule 16(a) of the Federal Rules of Criminal Procedure

In addition to the *Brady* doctrine, Rule 16 of the Federal Rules of Criminal Procedure sets forth the types of information the Government must disclose to the defendant upon his request:

> books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i)    the item is material to preparing the defense;
> (ii)   the government intends to use the item in its case-in-chief at trial; or
> (iii)  the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). The term "defense" means an argument in response to the prosecution's case-in-chief, i.e., an argument that refutes the government's claims that the defendant committed the crime charged. *See United States v. Armstrong*, 517 U.S. 456 (1996). To be material, the evidence must possess some abstract, logical relationship to the issues in the case such that pretrial disclosure would enable the defendant to alter the quantum of proof in his favor. *United States v. Lloyd*, 992 F.2d 348 (D.C. Cir. 1993). Establishing prima facie materiality is not a heavy burden; evidence is material when there is a strong indication that it "will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id.* at 351.

Rule 16(a)(1)(E) applies where the documents are in the Government's actual possession, custody, or control. A document is within the possession of the Government if the prosecutor has knowledge of and access to it, and a "prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant." *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989). **State-gathered evidence becomes subject to Rule 16(a)(1)(E) disclosure "when it passes into federal possession."** *United States v. Fort*, 472 F.3d 1106 (9th Cir. 2007) (emphasis added).

### Specific Objections by the Government

Preface – While the Supreme Court has expressed its hope that "the prudent prosecutor will resolve doubtful questions in favor of disclosure," there is no assurance that all prosecutors will heed the Court's caution and err on the side of disclosure. *Kyles*, 514 U.S. at 439. Other than an "honor code," there are few incentives for prosecutors to comply with *Brady* in that there is no meaningful judicial oversight of the process. The trial judge in this matter does not know what evidence exists in

the Government's files, what evidence the Government has withheld, or why the Government has unilaterally decided not to disclose certain evidence to the Defendant. Prosecutors do not have to keep a log of the evidence in the case. Nor are prosecutors required to seek an *in camera* review of potential *Brady* evidence prior to making the decision that evidence will not be disclosed. As a result, the District Court has only a limited ability to make a pre-trial determinations of whether the Government has fully complied with *Brady*.

The lack of judicial oversight of *Brady* disclosure decisions is compounded by the fact that, absent extraordinary circumstances, it is very likely that the Defendant will never learn of the existence of favorable evidence and cannot, therefore, seek leave of the Court to compel disclosure. The very nature of the act of withholding evidence ensures that the Defendant does not know that such evidence is contained in the Government's non-public case file. In the overwhelming majority of cases, the defense learns of *Brady* evidence by pure accident. *See United States v. Arnold*, 117 F.3d 1308 (11th Cir. 1997).

It must also be pointed out that the Defendant faces a potential sentence of forty (40) years of incarceration, plus monetary fines and forfeiture, if convicted on both counts of the indictment. Obviously, the potential sentence for the Defendant, if convicted, is substantial. For the reasons stated herein, the Defendant requests that the Court err on the side of caution and enter an Order directing the Government to produce to him all requested information. In the alternative, the Defendant would respectfully request that the Court conduct an *in camera* review of all information, statements, files, documentation, and other tangible items held by or accessible to the Government which in any way pertains to this matter or was requested via the Defendant's *Brady* motion.

**1. Information tending to indicate that Defendant is not guilty of the offenses alleged in the indictment[s].**
Government's Response – To the extent that these items exist, the Government has already produced discovery to the defendant on August 17, 2020.

<u>Defendant's Reply</u> – The Defendant is unaware of the contents of the Government's file in this matter. However, without question, any and all exculpatory information must be produced to the Defendant pursuant to the holding in *Brady*. This includes all information reasonably available to the Government, including other branches of the Federal government, investigating officers, and local police. Further, the Government has a duty to search files maintained by governmental agencies closely aligned with the prosecution. For these reasons, the Defendant asserts that he should be provided with a copy of the Government's complete file pertaining to this matter or, in the alternative, that the Government's complete file should be produced to the Court for *in camera* review.

**2. Information showing Defendant's reputation for honesty, integrity, and/or trustworthiness.**
Government's Response – This request is inapplicable in the instant case and the Government does not have information regarding this request.

<u>Defendant's Reply</u> – The Defendant is unaware of the contents of the Government's file in this matter. However, without question, any and all exculpatory information must be produced to the Defendant pursuant to the holding in *Brady*. This includes all information reasonably available to the Government, including other branches of the Federal government, investigating officers, and local police. Further, the Government has a duty to search files maintained by governmental agencies closely aligned with the prosecution. For these reasons, the Defendant asserts that he should be provided with a copy of the Government's complete file pertaining to this matter or, in the alternative, that the Government's complete file should be produced to the Court for *in camera* review.

**4. Names of any individuals who made an arguably favorable statement about the Defendant, or who indicated to law enforcement that Defendant is not guilty of the crimes alleged in the indictment[s], or that the Defendant might not have had the intent to commit the crimes    alleged in the Indictment[s].**
Government's Response – To the extent that these items exist, the Government already has produced or made available to the Defendant any items relevant to this cause.

<u>Defendant's Reply</u> – The Defendant is unaware of the contents of the Government's file in this matter. However, without question, any and all exculpatory information must be produced to the Defendant pursuant to the holding in *Brady*. This includes all information reasonably available to the Government, including other branches of the Federal government, investigating officers, and local police. Further, the Government has a duty to search files maintained by governmental agencies closely aligned with the prosecution. For these reasons, the Defendant asserts that he should be provided with a copy of the Government's complete file pertaining to this matter or, in the alternative, that the Government's complete file should be produced to the Court for *in camera* review.

**5. Any and all photographs, text messages, or recorded audio or video recordings, sent from or received from the minor, or evidencing any calls made to or received by the minor which in any way concern the crimes alleged in the Indictment[s].**

Government's Response – This discovery request is inapplicable because the Defendant is already in possession of any existing items under this section to which he is entitled.

Defendant's Reply – The Defendant is unaware of the contents of the Government's file in this matter. Accordingly, the Defendant does not know whether all such information was previously produced. Further, the Government has an ongoing responsibility to provide the Defendant with all requested information whenever such may be found. For these reasons, the Defendant asserts that he should be provided with a copy of the Government's complete file pertaining to this matter or, in the alternative, that the Government's complete file should be produced to the Court for *in camera* review.

**6. All medical records pertaining to the minor, [ ] produced or generated within the previous 5 years.**
Government's Response – The request is inapplicable in the instant case.

Defendant's Reply – The Defendant asserts that the Government's response is improper in that such information is in fact applicable to the instant case. It is believed, and hence alleged, that the minor child, in combination with her mother and other relatives, engaged in a pattern or scheme to obtain monies and other valuables from adult males and/or females. In that the minor child was found to be in possession of a pregnancy test, it is reasonable to assume she was sexually active with one or more male individuals. Combined with the fact that the minor's mother and other relatives were observed in certain video evidence laughing, bragging, and/or encouraging the minor's efforts to secure monies and other items from the Defendant, it is believed, and hence alleged, that other adult males and/or females were involved in similar schemes to obtain monies and valuables. Aside from the minor child's medical records potentially containing information about her sexual activities and sexual partners, narratives are commonly included in such records as to statements attributed to the patient which are likely exculpatory in nature. For these reasons, the Defendant asserts that he should be provided with a copy of such medical records and/or the Government's complete file pertaining to this matter. In the alternative, the medical records in question and the Government's complete file should be produced to the Court for *in camera* review.

**7. The identification and copies of any and all tangible objects allegedly altered, destroyed, mutilated, concealed, or covered up by the Defendant as alleged in the Indictment.**
Government's Response – The information has been made available to the Defendant through the Government's discovery produced on August 17, 2020.

Defendant's Reply – The Defendant is unaware of the contents of the Government's file in this matter. However, in that the Government contends that all evidence pertaining to Count 2 of the indictment was produced on August 17, 2020, the Defendant asserts that the Government may not introduce other evidence at trial not so produced on this date.

**8. The identification of all male and female individuals with whom the minor, dated or engaged in sexual contact or actions within the previous 5 years.**
Government's Response – To the extent if any exists, Federal Rules of Evidence 403 and 412, bar any evidence of the victim's prior sexual history.

<u>Defendant's Reply</u> – The Defendant asserts that the Government's response is improper in that such information is not barred in the instant case. It is believed, and hence alleged, that the minor child, in combination with her mother and other relatives, engaged in a pattern or scheme to obtain monies and other valuables from adult males and/or females. In that the minor child was found to be in possession of a pregnancy test, it is reasonable to assume she was sexually active with one or more male individuals. Combined with the fact that the minor's mother and other relatives were observed in certain video evidence laughing, bragging, and/or encouraging the minor's efforts to   secure monies and other items from the Defendant, it is believed, and hence alleged, that other adult males and/or females were involved in similar schemes to obtain monies and valuables. Aside from such individuals potentially possessing information about her sexual activities and other sexual partners, they may possess other information exculpatory in nature.

As for Fed. R. Evid. 412, evidence of a victim's sexual behavior or predisposition may be permitted as evidence in order to prevent a violation of a defendant's Constitutional rights. In the present case, the Defendant should be permitted to introduce such evidence at trial in order prevent a violation of his Constitutional rights, including, but not limited to, due process and the right to a fair and complete criminal defense.

For these reasons, the Defendant asserts that he should be provided with such requested information and/or the Government's complete file pertaining to this matter. In the alternative, the identity of such individuals should be produced to the Court for *in camera* review.

**9. The identification of any other male or female individuals with whom the minor alleges attempted to knowingly persuade, induce, entice, and/or coerce her into engaging in sexual activity.**
Government's Response – To the extent if any exists, Federal Rules of Evidence 403 and 412, bar any evidence of the victim's prior sexual history.

<u>Defendant's Reply</u> – The Defendant asserts that the Government's response is improper in that such information is not barred in the instant case. It is believed, and hence alleged, that the minor child, in combination with her mother and other relatives, engaged in a pattern or scheme to obtain monies and other valuables from adult males and/or females. In that the minor child was found to be in possession of a pregnancy test, it is reasonable to assume she was sexually active with one or more male individuals. Combined with the fact that the minor's mother and other relatives were observed in certain video evidence laughing, bragging, and/or encouraging the minor's efforts to secure monies and other items from the Defendant, it is believed, and hence alleged, that other adult males and/or females were involved in similar schemes to obtain monies and valuables. Aside from such individuals potentially possessing information about her sexual activities and other sexual partners, they may possess other information exculpatory in nature.

      As for Fed. R. Evid. 412, evidence of a victim's sexual behavior or predisposition may be permitted as evidence in order to prevent a violation of a defendant's Constitutional rights. In the present case, the Defendant should be permitted to introduce such evidence at trial in order prevent a violation of his Constitutional rights, including, but not limited to, due process and the right to a fair and complete criminal defense.

      For these reasons, the Defendant asserts that he should be provided with such requested information and/or the Government's complete file pertaining to this matter. In the alternative, the identity of such individuals should be produced to the Court for *in camera* review.

**10. The identification of the origin, date of purchase, and intended use of the pregnancy test discovered in the minor's room or in her personal belongings.**
Government's Response – To the extent if any exists, Federal Rules of Evidence 403 and 412, bar any evidence of the victim's prior sexual history.

Defendant's Reply – The Defendant asserts that the Government's response is improper in that such information is not barred in the instant case. It is believed, and hence alleged, that the minor child, in combination with her mother and other relatives, engaged in a pattern or scheme to obtain monies and other valuables from adult males and/or females. In that the minor child was found to be in possession of a pregnancy test, it is reasonable to assume she was sexually active with one or more male individuals. Combined with the fact that the minor's mother and other relatives were observed in certain video evidence laughing, bragging, and/or encouraging the minor's efforts to secure monies and other items from the Defendant, it is believed, and hence alleged, that other adult males and/or females were involved in similar schemes to obtain monies and valuables. Aside from such information potentially containing other information relating to her sexual activities and other sexual partners, they may contain information exculpatory in nature.

      As for Fed. R. Evid. 412, evidence of a victim's sexual behavior or predisposition may be permitted as evidence in order to prevent a violation of a defendant's Constitutional rights. In the present case, the Defendant should be permitted to introduce such evidence at trial in order prevent a violation of his Constitutional rights, including, but not limited to, due process and the right to a fair and complete criminal defense.

      For these reasons, the Defendant asserts that he should be provided with such requested information and/or the Government's complete file pertaining to this matter. In the alternative, the information in question should be produced to the Court for *in camera* review.

**11. Any all juvenile court or arrest records pertaining to the minor.**
Government's Response – Mississippi Code, Section 43-21-261(1) ensures the confidentiality of records involving children of the Youth Court but allows disclosure if any exist, subject to the "confidentiality requirements of Section 43-21-261(1). The Government acknowledges its discovery obligations pursuant to Fed. R. Crim. P. 16 and Fed. R. Evid. 609(d). The Government filed a separate motion regarding the barring of requested information and will follows the orders of the Court.

Defendant's Reply – Although the Defendant intends to respond to the Government's separate motion regarding this information, it should be noted that the statute proffered by the

Government is a State statute, not a Federal statute, and that the Defendant is charged with Federal crimes. Accordingly, this statute is irrelevant to these proceedings. Even assuming *arguendo* such State statute is applicable to these proceedings, said statute provides that such information may be provided to any court of competent jurisdiction, prosecutor, or law enforcement agency.

      Further, it is indisputable that any and all exculpatory information must be produced to the Defendant pursuant to the holding in *Brady*. This includes all information reasonably available to the Government, including other branches of the Federal government, investigating officers, and local police. Additionally, the Government has a duty to search files maintained by governmental agencies closely aligned with the prosecution. For these reasons, the Defendant asserts that he should be provided with a copy of the requested materials or, in the alternative, that the Government's complete file should be produced to the Court for *in camera* review.

      It must also be pointed out that the minor child was reported as a "runaway" on several occasions and appeared in one or more youth proceedings when found. Most recently, the minor child was reported s a "runaway" on October 8, 2020, as indicated by the television station WLBT (See attached Exhibit "A"). It is believed, and hence alleged, that such "runaway" activity is related to a common plan or scheme to obtain monies or valuables from other adult males and/or females.

**12. The identification, origin, and date of receipt by the minor of the "porn" photographs allegedly forwarded to the Defendant.**
Government's Response – This request was produced in discovery material on August 17, 2020.

<u>Defendant's Reply</u> – The Defendant is unaware of the contents of the Government's file in this matter. However, in that the Government contends that all such requested information was produced on August 17, 2020, the Defendant asserts that the Government may not introduce other evidence relating to this request and not so produced on this date.

**13. Any and all Mississippi Department of Human Services (DKS) records pertaining to the minor and produced or generated within the previous 5 years.**
Government's Response – The Government submits this request is outside the scope of the Government's discovery obligation and is irrelevant to charged offenses.

<u>Defendant's Reply</u> – It is indisputable that any and all exculpatory information must be produced to the Defendant pursuant to the holding in *Brady*. This includes all information reasonably available to the Government, including other branches of the Federal government, investigating officers, and local police. Additionally, the Government has a duty to search files maintained by governmental agencies closely aligned with the prosecution.

      It must also be pointed out that the minor child was reported as a "runaway" on several occasions and was the subject of one or more Mississippi Department of Human Services' investigations. Most recently, the minor child was reported s a "runaway" on October 8, 2020, as indicated by the television station WLBT (See attached Exhibit "A"). It is believed, and hence alleged, that such "runaway" activity is related to a common plan or scheme to obtain monies or valuables from other adult males and/or females. Additionally, it is believed that the

Mississippi Department of Human Services was directly involved in the investigation of the Defendant.

For these reasons, the Defendant asserts that he should be provided with a copy of the requested materials or, in the alternative, that the Government's complete file should be produced to the Court for *in camera* review.

**14. Information which arguably could be helpful or useful to the defense in detracting from the probative force of the Government's evidence, including impeachment evidence, or which arguably could lead to such information, including information that the Defendant might not have had the intent to commit the crimes alleged in the Indictment. This request includes, but is not limited to, the following information, regarding any potential witness, informant or any Government agent who has been involved in the investigation of this case.**

Government's Response – The Defendant is not entitled to this material on the basis that it is beyond the scope of 18 U.S.C. § 3500. Under 18 U.S.C. § 3500, "no statement or report in the possession of the United States which was made by a Government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." The Government is not required by this statute, or by any rule of criminal procedure, to produce any other statements.

Defendant's Reply – The Defendant is unaware of the contents of the Government's file in this matter. However, without question, any and all exculpatory information must be produced to the Defendant pursuant to the holding in *Brady*. This includes all information reasonably available to the Government, including other branches of the Federal government, investigating officers, and local police. Further, the Government has a duty to search files maintained by governmental agencies closely aligned with the prosecution. For these reasons, the Defendant asserts that he should be provided with a copy of the Government's complete file pertaining to this matter or, in the alternative, that the Government's complete file should be produced to the Court for *in camera* review.

**As to subsections (a) through (q) –**
**Government's** Response – the Government submits that these requests do not apply because no such information exist, outside the scope of the discovery order and is inapplicable. Excepting exculpatory information, the Defendant is not entitled to the requested information. All exculpatory evidence, to the extent it may exist, has been produced to the Defendant.

Defendant's Reply – This request seeks certain enumerated information or materials which arguably could be helpful or useful to the defense in detracting from the probative force of the Government's evidence, including impeachment evidence, or which arguably could lead to such information, including information that the Defendant might not have had the intent to commit the crimes alleged in the indictment. This request included information regarding any potential witness, informant, or any Government agent who was involved in the investigation of this case.

Without question, any and all exculpatory information must be produced to the Defendant pursuant to the holding in *Brady*. This includes all information reasonably available to the Government, including other branches of the Federal government, investigating officers, and local police. Further, the Government has a duty to search files maintained by governmental agencies closely aligned with the prosecution. For these reasons, the Defendant asserts that he should be provided with a copy of the Government's complete file pertaining to this matter or, in the alternative, that the Government's complete file should be produced to the Court for *in camera* review.

WHEREFORE, PREMISES CONSIDERED, the Defendant, Mark Anthony Coleman, respectfully requests that this Court enter an Order requiring the Government to produce without delay all items or information enumerated in his *Brady* motion.

Dated: October 12, 2020.

MARK ANTHONY COLEMAN

BY: /s/Dennis C. Sweet, III
Dennis C. Sweet, III

Dennis C. Sweet, III (MSB #8105)
Sweet & Associates
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2020, a true and correct copy of the foregoing DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO MOTION FOR PRODUCTION AND INSPECTION OF *BRADY* MATERIALS AND/OR INFORMATION WHICH MAY LEAD EVIDENCE was served on all counsel of record via the USDC CM/ECF electronic filing system.

/s/Dennis C. Sweet, III
Dennis C. Sweet, III