IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF

VS.                                                 Criminal Action No. 3:20-CR-88-TSL-FKB

MARK ANTHONY COLEMAN                                                 DEFENDANT

_____

**DEFENDANT'S COMBINED REPLY TO GOVERNMENT'S RESPONSES TO FIRST AND SECOND MOTIONS FOR DISMISSAL OF INDICTMENT**
_____

COMES NOW the Defendant, Mark Anthony Coleman, by and through undersigned counsel, and respectfully files this Combined Reply to Government's Responses to Defendant's First and Second Motions to Dismiss (Documents 38, 39), and would show unto this Court the following in support of his combined reply:

**ARGUMENT -- REPLY**

With regard to a "substantial step," the Supreme Court of the United States stated: "As was true at common law, the mere intent to violate a federal criminal statute is not punishable as an attempt unless it is also accompanied by significant conduct," that is, unless accompanied by "an overt act qualifying as a substantial step toward completion" of the underlying offense. *United States*

*v. Resendiz-Ponce*, 549 U.S. 102 (2007); *see also United States v. Faulkner*, 950 F.3d 670 (10th Cir. 2019); *United States v. Soto-Barraza*, 947 F.3d 1111 (9th Cir. 2020); *United States v. Vinton*, 946 F.3d 847 (6th Cir. 2020); *United States v. Pugh*, 945 F.3d 9 (2d Cir. 2019); *United States v. Anderson*, 932 F.3d 344 (5th Cir. 2019); *United States v. Strubberg*, 929 F.3d 969 (8th Cir. 2019); *United States v. Rang*, 919 F.3d 113 (1st Cir. 2019); *United States v. Garner*, 915 F.3d 167 (3d Cir. 2019); *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018).

A substantial step is more than mere preparation. *United States v. Howard*, 766 F.3d 414 (5th Cir. 2014). A substantial step is action strongly corroborative of the individual's intent to commit the underlying offense. *United States v. Aldawsari*, 740 F.3d 1015 (5th Cir. 2014). It is action which, if uninterrupted, will result in the commission of the claimed offense. *United States v. Gonzalez-Monterroso*, 745 F.3d 1237 (9th Cir. 2014).

The Defendant's alleged conduct falls far short of the requisite action needed to meet this threshold requirement. The Fifth Circuit, in considering the conduct needed to meet the "substantial step" requirement, indicated that a firm plan to meet or the actual act of travelling to meet the minor in question was needed in or order to meet this threshold requirement. *See United States v. Olvera*, 687 F.3d 645 (5th Cir. 2012) (finding defendant took substantial steps by asking adult intermediary to send sexual messages and photos to a minor and arriving at arranged meeting place); *United States v. Barlow*, 568 F.3d 215 (5th Cir. 2009) (determining that defendant took a substantial step when, over the course of months, he engaged in sexual conversations with a purported minor, drove to the meeting location, and then left early); *United States v. White*, 636 F. App'x 890 (5th Cir. 2016) (concluding that the evidence was sufficient to show an attempt to violate § 2422(b) when defendant exchanged sexual messages with purported minor and arrived at arranged meeting place with condoms)). "Travel to a meeting place is . . .sufficient to establish" a substantial step toward an attempt to violate § 2422(b). *Howard*, 766 F.3d at 421. In that the Defendant herein neither made firm

plans to meet the minor child, nor actually travelled to meet the minor child, to engage in sexual activities, the requirement of a "substantial step" may not be met by the Government.

The Federal statute in question, 18 U.S.C. § 2422(b), criminalizes an attempt to achieve a mental state – the assent of a minor to engage in sexual activity. *See, e.g., United States v. Dwinells*, 508 F.3d 63 (1st Cir. 2007) (stating that "Section 2422(b) criminalizes an intentional attempt to achieve a mental state—a minor's assent—regardless of the accused's intentions vis-a-vis the actual consummation of sexual activities with the minor."); *United States v. Brand*, 467 F.3d 179 (2d Cir. 2006)). In the instant case, as reflected in her video interview and other statements, the minor child never intended to engage in sexual activities with the Defendant. She laughingly asserted in her video interview that she was using and otherwise "finessing" the Defendant for monetary gain, with no intention or desire to engage in sexual activities with the Defendant. As such, the Defendant could not, and would not, have achieved the minor child's assent to engage in sexual activity or such mental state even had he attempted to do so.

Finally, the Defendant asserts that § 2422(b) is void for vagueness in that said statute "fails to give adequate guidance to those who would be law-abiding, to advise defendants of the nature of the offense with which they are charged, or to guide courts in trying those who are accused." *Musser v. Utah*, 333 U.S. 95 (1948). "Men of common intelligence cannot be required to guess at the meaning of [an] enactment." *Winters v. New York*, 333 U.S. 507 (1948). Thus, the Supreme Court has required that a penal statute provide the definition of the offense with "sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352 (1983).

Evidence of this vagueness and uncertainty is apparent in the various courts which have struggled to determine what conduct is required to show an attempt to persuade, induce, entice, or coerce a minor to engage in prostitution or any sexual activity. In that courts and jurisdictions cannot agree on a certain type of conduct required to violate § 2422(b), how is the Defendant, much less the

general public, to know and understand what conduct is prohibited by this statute? This uncertainty as to the conduct prohibited by § 2422(b) merely encourages and promotes arbitrary and discriminatory enforcement. Accordingly, the Defendant's indictment for violation of § 2422(b) must be dismissed pursuant to the void for vagueness doctrine.

For the foregoing reasons, the Defendant, Mark Anthony Coleman, respectfully asks for entry of an Order dismissing the indictment as to Counts 1 and 2, along with any and all forfeiture allegations contained therein.

Respectfully submitted this, the 12th day of October, 2020.

MARK ANTHONY COLEMAN

BY: /s/Dennis C. Sweet, III
Dennis C. Sweet, III

Dennis C. Sweet, III (MSB #8105)
Sweet & Associates
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2020, a true and correct copy of the foregoing COMBINED REPLY TO GOVERNMENT'S RESPONSES TO FIRST AND SECOND MOTIONS FOR DISMISSAL OF INDICTMENT was served on all counsel of record via the USDC CM/ECF electronic filing system.

/s/Dennis C. Sweet, III
Dennis C. Sweet, III