IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                             **PLAINTIFF**

**VS.**                                                         **Criminal Action No. 3:20-CR-88-TSL-FKB**

**MARK ANTHONY COLEMAN**                                                        **DEFENDANT**

**DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE***

COMES NOW the Defendant, Mark Anthony Coleman, by and through undersigned counsel, and files this his Response in Opposition to the Government's Motion *in Limine*, and in support of such response would show unto the Court the following:

1.      On July 14, 2020, the Defendant, Mark Anthony Coleman ("Coleman"), was indicted for coercion or enticement of a minor, as well as for destruction, alternation, or falsification of records in Federal investigations. As to the charge of coercion or enticement of a minor, the Defendant is alleged to have knowingly persuaded, induced, enticed, and coerced an individual he knew to be under the age of 18 years, to engage in sexual activity under such circumstances that would constitute a criminal offense under Miss. Code Ann. § 97-3-95, or attempted to do so, all in violation of 18 U.S.C. § 2422(b).

2.      On October 5, 2020, the Government filed a Motion *in Limine* (Document #41) seeking to bar the Defendant from introducing any evidence at trial involving the subject minor

child's consent to enticement or to produce sexually explicit images, as well as the minor child's prior sexual history. The Government contends that such evidence is inadmissible due to the lack of relevance and the inflammatory nature of the same.

3. In order to convict the Defendant under § 2422(b), the Government must show, *inter alia*, that the Defendant persuaded, induced, enticed, or coerced the minor child to engage in prostitution or any sexual activity which is prohibited under Miss. Code Ann. § 97-3-95, or attempted to do so. Section 97-3-95, under the current set of facts, prohibits sexual penetration without consent of the minor child.

4. In the case *sub judice*, the Government must prove beyond a reasonable doubt that the minor child did not consent to the alleged persuasion, inducement, enticement, or coercion by the Defendant in his effort to engage in sexual penetration. So as to adequately defend against this allegation of a lack of consent by the minor child, the Defendant must be permitted to offer evidence at trial of the minor child's consent to the alleged persuasion, inducement, enticement, or coercion, including, but not limited to, a video interview of the minor child and her family members and any photos provided by the minor child to the Defendant.

5. Should the Government succeed in proving beyond a reasonable doubt that the minor child did not consent to the alleged persuasion, inducement, enticement, or coercion by the Defendant in his effort to engage in sexual penetration, it must next prove beyond a reasonable doubt that the Defendant knowingly persuaded, induced, enticed, or coerced the minor child to engage in prostitution or any "sexual activity." "Sexual activity" in § 2422(b) required the Defendant to engage in interpersonal physical contact with the minor child.

6. In order to properly and adequately defend against this allegation involving "sexual activity," the Defendant must be permitted to offer into evidence any and all documents or information regarding the minor child's medical records, interviews, and the like in refuting the same.

7.      The Defendant also asserts as a defense that the minor child and her family members engaged in a scheme or plan to coerce and manipulate the Defendant to provide monies and other valuables to the minor child and others with the lure of sexual innuendos. So that he may offer evidence as to this defense, the Defendant must be permitted to offer evidence at trial of the minor child's prior sexual activity and associations, along with any evidence of sexual activity.

8.      The Government contends that the introduction at trial of the materials or information mentioned herein will result in a violation of Rule 403 of the Federal Rules of Evidence. However, this position is without merit. The probative value of such materials or information is not substantially outweighed by the danger of unfair prejudice or confusion. This is especially true considering the potential penalty should the Defendant be convicted of the crimes alleged in the indictment and his need and right to defend against the same.

9.      The Defendant incorporates into this response his Memorandum of Authorities in Support of Response in Opposition to Government's Motion *in Limine,* including all exhibits attached thereto, if any.

WHEREFORE, PREMISES CONSIDERED, the Defendant, Mark Anthony Coleman, respectfully requests that this Court enter an Order denying the Government's Motion *in Limine* (Document #41).

Respectfully submitted this, the 14th day of October, 2020.

MARK ANTHONY COLEMAN

BY: /s/Dennis C. Sweet, III
Dennis C. Sweet, III

Dennis C. Sweet, III (MSB #8105)
Sweet & Associates
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2020, a true and correct copy of the foregoing DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE was served on all counsel of record via the USDC CM/ECF electronic filing system.

/s/Dennis C. Sweet, III
Dennis C. Sweet, III