IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **VS.** | **Criminal Action No. 3:20-CR-88-TSL-FKB** |
| **MARK ANTHONY COLEMAN** | **DEFENDANT** |

**DEFENDANT'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE***

COMES NOW the Defendant, Mark Anthony Coleman, by and through undersigned counsel, and files this his Memorandum of Authorities in Support of Response in Opposition to the Government's Motion *in Limine*, and in support of such memorandum and response would show unto the Court the following:

**FACTS**

On July 14, 2020, Mark Anthony Coleman ("Coleman") was indicted in a two page indictment on two (2) counts, namely coercion or enticement of a person under 18 years of age and destruction, alternation, or falsification of records in Federal investigations. The indictment alleges in Count 1 that Coleman used a facility or means of interstate commerce to attempt to knowingly persuade, induce, entice, and coerce an individual he knew to be under the age of 18 years, to

engage in sexual activity under such circumstances that would constitute a criminal offense under Miss. Code Ann. § 97-3-95, all in violation of 18 U.S.C. § 2422(b). The indictment further alleges in Count 2 that Coleman unlawfully and knowingly altered, destroyed, mutilated, concealed, and covered up a tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of any department or agency of the United States. More specifically, the indictment alleges that Coleman deleted text messages and images of a minor female from his cellular telephone, and disconnected services to a cellular telephone purchased by him for the minor child.

The heart of the Government's case is that Coleman purportedly attempted to knowingly persuade, induce, or coerce an individual, who he knew to be under the age of 18 years, to engage in sexual penetration, pursuant to Miss. Code Ann. § 97-3-95. In order to adequately and properly defend himself against such charges, the Defendant recently filed a *Brady* Motion seeking the production of the subject minor child's medical and other personal records. The Government thereafter filed a Motion *in Limine* seeking to bar the use at trial of the minor child's medical and other personal records, along with any evidence pertaining to her prior sexual history and consent. The Defendant now responds accordingly to the Government's Motion *in Limine*.

## ARGUMENT

### The Government's Motion in Limine Must be Denied

The Defendant was indicted, in part, for his alleged violation of 8 U.S.C. § 2422(b). Section 2422(b) provides, in pertinent part, the following:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any **sexual activity for which any person can be charged with a criminal**

>  **offense**, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

8 U.S.C. § 2422(b) (emphasis added). Further, the indictment in question alleges that the "criminal offense" referred to in § 2422(b) involves § 97-3-95 of the Mississippi Code. This State statute provides that:

> **(1)** A person is guilty of sexual battery if he or she engages in sexual penetration with:
> **(a)** Another person **without his or her consent**;
> **(b)** A mentally defective, mentally incapacitated or physically helpless person;
> **(c)** A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or
> **(d)** A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.
> **(2)** A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child including without limitation the child's teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.

Miss. Code Ann. § 97-3-95 (2019) (emphasis added).

In order to convict the Defendant under § 2422(b), the Government must show, *inter alia*, that the Defendant persuaded, induced, enticed, or coerced the minor child to engage in prostitution or any sexual activity which is prohibited under Miss. Code Ann. § 97-3-95, or attempted to do so. Section 97-3-95, under the current set of facts, prohibits sexual penetration – 1) without another's consent, 2) with a mentally or physically incapacitated individual, or 3) with a minor under the age of sixteen (16) years of age. In that the subject minor child was not mentally or physically challenged or incapacitated and was not under the age of sixteen (16) years at the time of the alleged unlawful conduct, the only remaining portion of § 97-3-95 under which the Defendant could be charged with a criminal offense is that pertaining to sexual penetration without consent of the minor child.

The Government's Motion *in Limine* seeks to bar the Defendant from introducing any evidence at trial involving the minor child's consent to enticement or to produce sexually explicit images, as well as the minor child's prior sexual history. The Government contends that such evidence is inadmissible due to the lack of relevance and the inflammatory nature of the same. However, the Government's position is without merit and should be rejected by the Court.

In the case *sub judice*, the Government must prove beyond a reasonable doubt that the minor child did not consent to the alleged persuasion, inducement, enticement, or coercion by the Defendant in his effort to engage in sexual penetration. Without this showing by the Government, the Defendant may not be convicted under Count 1 of the indictment. So as to adequately defend against this allegation of a lack of consent by the minor child, the Defendant must be permitted to offer evidence at trial of the minor child's consent to the alleged persuasion, inducement, enticement, or coercion. Such evidence would include a video interview of the minor child and her family members wherein they express laughter and agreement with the "using" and "finessing" of the Defendant for purposes of monetary gain. In addition, any photos provided by the minor child to the Defendant would indicate consent and that they were freely given by the minor child in that there is no evidence to show that she was otherwise threatened or ordered to produce the same to the Defendant. As such, in the event the Defendant is barred form offering such evidence at trial, he will be unable to adequately and properly defend himself as permitted by the Constitution.

Should the Government succeed in proving beyond a reasonable doubt that the minor child did not consent to the alleged persuasion, inducement, enticement, or coercion by the Defendant in his effort to engage in sexual penetration, it must next show that the Defendant knowingly persuaded, induced, enticed, or coerced the minor child to engage in prostitution or any "sexual activity." "Sexual activity" in § 2422(b) required the Defendant to engage in interpersonal physical contact with the minor child. *See United States v. Taylor*, 640 F.3d 255 (7th Cir. 2011).

Two (2) sister Federal Circuit Courts of Appeal have addressed the meaning and requisite conduct needed to constitute "sexual activity," namely the 7th and 4th Circuits. While both such Circuit Courts are split on the meaning of "sexual activity" and whether touching is required, the 5th Circuit has not specifically addressed this issue and whether touching is required to constitute "sexual activity." Thus, the Defendant is left to rely on the 7th Circuit's holding in *United States v. Taylor*, finding that "sexual activity," as referenced in § 2422(b), may only be accomplished through touching or actual physical contact.

In *Taylor*, the defendant was convicted of attempted enticement of a minor and sentenced to ten years in prison. *Taylor*, 640 F.3d at 256. The defendant subsequently appealed, asserting that he did not commit a "sexual activity" within the meaning of the statute because he never touched a child. *Id.* After acknowledging that Congress did not define "sexual activity" in § 2422(b), the Seventh Circuit resorted to interpreting the meaning of the term. *Id.* In so doing, Circuit Judge Posner, the author of the *Taylor* decision, first found that Congress likely intended to confine the definition of "sexual activity" to "sexual acts" involving physical contact between two or more individuals. *Id.* at 256-59. The court reasoned that an alternative, broader interpretation of the term would leave open the possibility that individuals convicted of violating § 2422(b) could be subject to an incongruent ten-year prison sentence relative to their conduct. *Id.* at 258 (arguing that § 2422(b)'s mandatory minimum sentence of 10 years is incongruent to statutes that, hypothetically, could prohibit "flirting" or "flashing" a child and that, under a broad interpretation of "sexual activity," the Federal government could use such minor offenses to charge defendants with violating § 2422(b). Further, Judge Posner argued that Congress must have intended to import § 2246(2)(D)'s definition of "sexual act," which requires physical contact, into § 2422(b) and to require intentional touching of the genitalia of a minor for culpability under § 2422(b). *Taylor*, 640 F.3d at 257. Judge Posner

reasoned that Congress used "sexual act" and "sexual activity" interchangeably when debating the Protection Act. *Id.*

Pursuant to the holding in *Taylor*, the Government must prove beyond a reasonable doubt that the Defendant "touched" the minor child's genitalia. In order to properly and adequately defend against this allegation, the Defendant must be permitted to offer into evidence any and all documents or information regarding the minor child's medical records, interviews, and the like in refuting the same.

It is also asserted by the Defendant as a defense that the minor child and her family members engaged in a scheme or plan to coerce and manipulate the Defendant to provide monies and other valuables to the minor child and others with the lure of sexual innuendos; this is supported, in part, by the fact that, at the minor child's directions, monies were forwarded to or deposited in a specific account listed in the name of Melinda Hudson, the minor child's aunt. The minor child is also unambiguous in her position that she would not, and did not, have sexual contact with the Defendant, as evidenced by her video interview. Any suggestive or sexually explicit communications with the Defendant were done with the sole purpose of "using," "finessing," or "pimping" the Defendant for monetary gain. It is believed, and hence alleged, that the minor child has engaged in similar plans or schemes to coerce and manipulate other adults into providing her with monies and other valuables. So that he may offer evidence as to this defense, the Defendant must be permitted to offer evidence at trial of the minor child's prior sexual activity and associations, along with any evidence of sexual activity.

WHEREFORE, PREMISES CONSIDERED, the Defendant, Mark Anthony Coleman, respectfully requests that this Court enter an Order denying the Government's Motion *in Limine* (Document #41).

Respectfully submitted this, the 14th day of October, 2020.

                MARK ANTHONY COLEMAN

                BY: /s/Dennis C. Sweet, III
                     Dennis C. Sweet, III

Dennis C. Sweet, III (MSB #8105)
Sweet & Associates
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2020, a true and correct copy of the foregoing DEFENDANT'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE was served on all counsel of record via the USDC CM/ECF electronic filing system.

                /s/Dennis C. Sweet, III
                Dennis C. Sweet, III