IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:20-cr-88-TSL-FKB

MARK ANTHONY COLEMAN

**GOVERNMENT'S SUR-REBUTTAL TO DEFENDANT'S
RESPONSE TO GOVERNMENT'S MOTION IN *LIMINE***

The United States (hereafter the "Government") hereby files its Sur-Rebuttal to Defendant's response (Doc. #44) to Government's Motion in *Limine* and states the following to-wit.

The Defendant contends that the Government must prove the minor victim consented to the Defendant's attempts to entice, persuade, induce or coerce her to engage in illegal sexual activity.  In addition, the Defendant argues that there is no factual basis for an attempt theory to support the Government's case because the Defendant did not take any substantial step toward actual sexual contact by arranging a meeting with the minor victim.

The Government stands by its argument put forth in its pending Motion in *Limine* to bar evidence of consent, prior juvenile court records and to exclude prior sexual history of the victim. Doc. #41.  Consent is not a required element for prosecution of § 2422(b).  Courts of Appeals have consistently excluded evidence, and any defense, regarding a minor victim's intent or consent in connection with sexual exploitation, finding that a minor's intent or consent is neither an element of defense to these offenses and is therefore not properly before the jury. *United States v. Abad*, 350 F.3d 793, 798 (8th Cir. 2003).

Defendant Coleman's argument infers a defense of impossibility because the Government cannot show there was no attempted sexual penetration. That is a misstatement or interpretation of the law. The Fifth Circuit has consistently held for a prosecution under § 2422(b), a defendant is charged with a violation of federal law not a violation of state law. *United States v. Lundy*, 676 F.3d 444, 448 (5th Cir. 2012). The *Lundy's* opinion "held that factual impossibility to complete a criminal act does not preclude a conviction for attempting to break the law." *Id*.

The Government's burden requires it at trial to put forth facts that would prove the Defendant acted with culpability in attempting to entice, induce, persuade or coerce the minor victim to engage in sexual activity and that the actions of the Defendant amounted to a substantial step toward the commission. Whether there was inducement, persuasion, or enticement is a question of fact for a jury to decide.

The Fifth Circuit in its opinion in *United States v. Broussard*, 669 F.3d 537, 548 (5th Cir. 2012), held that it had not ruled "explicitly or implicitly" that a substantial step toward persuading a minor to engage in illegal sexual activity requires travel or preparation in advance of travel. The *Broussard* opinion citing *United States v. Barlow,* 568 F.3d 215 (5th Cir. 2009), held that *Barlow's* explicit conversations, sending explicit photos of himself and requesting explicit photos of the girl in return, amount to substantial steps and can occur through communications. (Citation and internal quotations omitted), *United States v. Broussard*, 669 F.3d, 548.

Defendant Coleman's response failed to address Fed. Crim. Rule 412, which prohibits

(1) Evidence offered to prove that a victim engaged in other sexual behavior; or

(2) Evidence offered to prove a victim's sexual predisposition.

2

Rule 412 allows for the admissibility of a victim's past sexual behavior if one of the exceptions apply, which is not the facts of this case. The exceptions provide for evidence of past sexual behavior with others to show that someone else was the source of the semen, pregnancy, disease, or injury; (2) past sexual behavior with the defendant to show consent; or (3) false allegations of past sexual offenses made by the victim.

Defendant Coleman is charged with attempting to entice, induce, persuade or coerce a 15-year-old-minor to engage in illegal sexual activity through the use of a facility or means of interstate or foreign commerce and altering, destroying, mutilating, concealing and covering up with intent to impede, obstruct and influence an investigation. The Government submits that any evidence of the minor victim's past sexual behavior is irrelevant and that this Court should prohibit the Defendant from raising the matter in any manner, including voir dire, opening statements, witness examination, exhibits and closing arguments.

                Respectfully submitted,

                D.MICHAEL HURST, JR.
                United States Attorney

By:    */s/ Glenda R. Haynes*_____
        GLENDA R. HAYNES
        Assistant United States Attorney
        MB # 2132
        501 E. Court St., Ste. 4.430
        Jackson, Mississippi 39201
        601-965-4480

Dated: October 20, 2020.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing System (ECF), which served to send notification of this filing to counsel of record.

This the 20th day of October, 2020.

                                                */s/Glenda R. Haynes*\_\_\_\_\_
                                                GLENDA R. HAYNES
                                                Assistant United States Attorney